### CHACHERE vs. DUMARTRAIT &c.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

A donation of immovable property may be made, and stand good against creditors, where the father put his daughter and her husband in possession of land, which was afterwards sold and the price received by the husband of the daughter and the sale ratified by the father.

2. In this case the price of the land, sold will be considered as due to the father, but as received by the son-in-law as a donation or marriage portion to the daughter which is as completely effected, as if delivered from the father to the daughter.

This is an injunction suit, instituted by the wife, against the syndic of the creditors of her insolvent husband, B. Martil to restrain him from selling the immovable property and slaves of the insolvent, until her claim for property and money brought into marriage is first satisfied by a sale for cash. She backs her claim by a tacit mortgage on the property of her husband.

It appears from the evidence that some time after the marriage of the petitioner to B. Martel, on or about the year 1816, her father Louis Chacheré, allowed her husband to sell two tracts of land, situated on the Carancro and in the Parish of St. Landry, to one William Johnson, for $1600, and to receive the price. The title to Johnson was ratified and confirmed by L. Chacheré the father of Madame Martel. The wife alledges this land was a donation from her father, to her, though sold by her husband. Madame Boutté her

sister testifies that Louis Chacheré pére purchased the land since sold by Martel to Johnson, for his daughter, Madame Martel to live on.   And that Martel and his wife did live on it a year or more.   Mr. Boutté, a brother-in-law of the plaintiff, states it was always understood in the family that the land on the Carancro, "sold to Johnson," belonged to " Madame Martel." That Martel, first moved to Vermillion-ville after selling the land.

The wife now claimed in her petition of injunction, the price of the land, with a legal mortgage on the immovable property of her husband and slaves, for its payment, and to have so much of the property in the hands of Dumartrait the syndic, sold for cash as will satisfy this claim, together with others, for sundry other articles of furniture and pro-perty brought by her into marriage.

She had judgment for $1950, with legal mortgage on the real property and slaves of her husband for $1600, the amount of the sale of the two tracts of land, received as a do-nation from her father—to be paid in preference to the other creditors &c.

The main point of contest in the cause is the lien of the wife upon the husband's property, for the price of the two tracts of land sold by the latter.   The sale of the two tracts was passed in June and July 1815, in the name of B. Martel to Wm. Johnston—and in March 1817, Louis Chacheré pére ratified and conferred the said sale to Johnson.   It was urged this property never came into the possession or own-ership of the wife, who could of course have no privilege or lien upon it or its price.

*Bowen* for plaintiff.   The wife claims the price of two tracts of land sold by her husband as the price of parapher-nal property.   A donation may be made by *parol*, when the father, (the donor) makes declarations of giving certain specified property to his daughter, and puts her and her hus-band in possession—and the husband sells and receives the price of the said property, which sale is ratified by the father.

5 Toullier 178. 172. ib. 181.   Quest : de Droit §6.   Nov. Rep. §2.

2. As between the creditors and the wife of the insolvent, her claim being for paraphernal property must be preferred, and the price paid out of the proceeds of the insolvents, in preference to other creditors whose mortgage does not precede it.

*Simon* for defendant.   The only evidence of the donation of $1600, the proceeds of the two tracts of land, comes from two of the plaintiff's co-heirs, who declare *to have heard* their father say at different times, B. Martel had received it for his wife.   This evidence comes up subject to legal objections. This is no evidence of the *donation* of the land.   Old. Civil Code. 221. Art. 53.

2. It is true that a donation of a sum of money may be made verbally when it is *de manu ad manum*, but it must be proved by legal evidence.   In this case there is none but hearsay and this from an incompetent witness.   The father could not give evidence if he were living.   Old Civil Code 313. Art. 248.

3. The husband's confession could not have been given in evidence—so as to have effect against creditors here represented by their syndic.   7 Mar N. S. 460.   8 Mar. N. S. 459.

*Mathews J.* delivered the opinion of the Court.   In this case the husband made a cession of his goods to his creditors.   His wife claimed to be placed on his bilan as a creditor with a right of tacit or legal mortgage to the amount of $1900.   The Court below admitted her as a creditor for the whole amount claimed, but restricted her mortgage to the sum of $1600 : and from the judgment thus rendered the syndic, on behalf of the mass of creditors appealed.

The $1600 for which the legal mortgage was accorded, to the wife, seem to have been considered as a donation made to her by her father, which fell into the hands of her husband, the insolvent, and was by him appropriated to his own use.

The donation appears to have been made in the following manner : Chacheré the father, was the owner of certain tracts of land of which he permitted the husband of his daughter to take possession and occupy for some time, who afterwards sold this property to one Johnson for $1600, which was paid (on Chacheré's ratification and confirmation of sale) to his son-in-law. From the whole tenor of the evidence we do not doubt the intention of the father to give these tracts of land to his daughter as a marriage portion : but before any legal transfer was made to that effect, her husband was permitted to make the sale as above stated. .

The price, although paid to him by the vendee must be considered as really due to the owner of the property, Chacheré the father ; and was left in the possession of the reciever as a donation to his wife, he recieved it as her agent, delivered from her father through the agency of the vendee of the land, who was really a purchaser from Chacheré, altho' nominally from Martel. The donation was thus fully and completely effected. It was as fully executed as if the money had been delivered from the father to his daughter and by the latter transfered to her husband. If it was of moveable or personal property and was executed, it is good according to law. See La. Code, Art. 1528.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with cost.

*Western District.*
*September, 1830.*

CHACHERE
*vs.*
DUMARTRAIT.

---

A donation of immoveadle property may be made, and stand good against creditors, where the father put his daughter and her husband in possession of land, which was afterwards sold and the price received by the husband of the daughter and the sale ratified by the father.

In this case the price of the land sold will be considered as due to the father, but as recieved by the son-in-law as a donation or marriage portion to the daughter, which is as completely effected, as if delivered from the father to the daughter.