Plaintiff, claiming to be the assignee of the balance due on an open account of the Arkansas Fuel Oil Company has instituted this suit seeking to obtain judgment against the defendants, Taylor Brothers Garage, Inc., Thomas H. Taylor and J. Charles Taylor in solido. He was formerly the local agent in East Baton Rouge Parish of the Arkansas Fuel Oil Company and in his capacity as such had sold, between the months of April and August, 1937, to Taylor Brothers Garage, at that time a commercial partnership composed of Thomas H. and J. Charles Taylor, certain products of the Arkansas Fuel Oil Company amounting to the sum of $349.65, on which they had paid $100 leaving a balance of $249.65, the amount of the demand herein.
In his petition plaintiff alleges that on January 14, 1939, the two partners formed and organized the corporation known as Taylor Brothers Garage, Inc. which took over the assets of the partnership and became liable for its debts. He accordingly prayed for judgment against the corporation as well as the former partners, in solido, as has just been stated. An itemized statement of the account is annexed to his petition and on its face there appears the assignment to plaintiff of the balance due on the same and on which he prosecutes his demand.
In their answer the defendants admit all the allegations of plaintiff's petition relating to the sale of merchandise to Taylor Brothers Garage and the assignment to the plaintiff by the Arkansas Fuel Oil Company of the balance due on the open account, but they deny any indebtedness to plaintiff for the reason, as set out by them in a reconventional demand, that he is their debtor on a certain promissory note in the sum of $872.52 bearing interest from September 3, 1937, and stipulating 15% additional as attorneys' fees, subject to a credit of $249.65. They alleged that they were the holders and owners, in due course, of the said note which was payable in eighteen monthly installments which had all matured under a stipulation of the note itself that failure to pay any one of the said installments would ipso facto make them all due and payable. They averred that the said note had been lost, mislaid or destroyed and could not be found but that the same had not been sold, pledged or negotiated by them and that it was their property without reservation. They further alleged that they held the note in due course at the time the account sued on by plaintiff was assigned to him by the Arkansas Fuel Oil Company and that therefore the accounts between them were equally liquidated and demandable, and that accordingly compensation and set-off had taken place by operation of law, all of which they specially pleaded in bar of plaintiff's demand.
There was judgment below in favor of the plaintiff and against the defendants, as prayed for and this appeal has been taken and perfected.
As between parties litigant living in the same parish, in order to entitle the defendant to institute a demand in reconvention, "it is required that such demand, though different from the main action, be, nevertheless, necessarily connected with and incidental to the same." Code of Practice Article 375. All the parties to the present suit reside in the Parish of East Baton Rouge and that requirement of the law must appear if the reconventional demand of the defendants is to be considered.
The promissory note on which the reconventional demand is predicated is one which was given by plaintiff in representation of the deferred payments due on the purchase price of a G.M.A.C. truck bought by him from Taylor Brothers Garage. We are unable to see what connection the giving of that note could have with an *West Page 43 
open account covering the sale of petroleum and other products, on which the main action is based and none has been shown. Nor, in our opinion, is one of the alleged obligations incidental to the other. Clearly, the requirements of the article of the Code of Practice just quoted are not met in such a situation as this and the reconventional demand cannot be entertained. It remains therefore to be seen whether the defendants have supported their plea of compensation, assuming that the plea has properly been made.
Article 2207 of the Revised Civil Code provides that: "When two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts, in the manner and cases hereafter expressed." Under Article 2208 it is further provided that compensation takes place by mere operation of law and that "the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums." By the terms of Article 2209, of the Revised Civil Code, in order for compensation to take place, the two debts must have equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, "which are equally liquidated and demandable." The very plea of course admits the debt due by the one who makes it, the theory on which it is based being that his debt has become extinguished by the obligation of the other party to him.
Under the pleadings presented in this case it appears that both plaintiff and defendants are indebted to each other on obligations having for their object a sum of money and as defendants allege that they were the holders and owners of the note they have reconvened on at the time plaintiff became the assignee of the open account he sued on, it would appear also that both debts, were equally liquidated and demandable. The vital issue which arises therefore is whether or not defendants have supported their plea by proper and sufficient proof. The plea of compensation being a special defense, the burden was on them to do so.
As already stated the note on which the reconventional demand is predicated was given on the purchase price of a motor truck bought by plaintiff from Taylor Brothers Garage. The date of that sale was August 3, 1937, and the note was executed on the same day. It was secured by vendor's lien and mortgage on the truck and paraphed for identification with the act of sale by the Notary before whom the same was executed. According to the schedule of payments the first installment of $48.36 was due and payable one month after date or on September 3, 1937. Plaintiff defaulted in that payment and that ipso facto matured all remaining installments. The note at that time was held by a finance company in Dallas, Texas, known as Yellow Manufacturing Acceptance Corporation. Their representative in Baton Rouge was R.W. Hitchings and by agreement with him and to which Thomas H. Taylor one of the defendants consented, the truck was repossessed by the finance company which obtained a written release from the plaintiff of any and all claims, demands or causes of actions whatsoever rising out of that transaction.
The defendants later sold the truck to another party and as they had to, they paid the finance company and secured the plaintiff's note. Certainly they must have received as a consideration themselves, the purchase price paid by the party to whom the truck was resold and if plaintiff owed them anything it could not have been for the full amount of the note as is now demanded by them. They seem to concede that their claim included the losses sustained by them in the resale of the truck as well as some claims due on other repair bills. Mr. Thomas H. Taylor, their only witness, says that he "figured it ran around five or six hundred dollars." He seems unable to give any specific information concerning any particular items which made up such an account. He does mention something about a set of tires which he says were sold by the plaintiff for their account and the proceeds never having been remitted by him. He also mentions the amount appearing in the act of sale of the truck as the cash payment made thereon but which in reality was never paid. However, as to these and all other items of indebtedness, plaintiff testified that they had all been settled in full when he turned over to the defendants a Chevrolet coach automobile during the year 1938. His testimony on this point is apparently supported by a receipt produced by him and which is signed by Taylor Brothers Garage through their authorized representative. The receipt is for the sum of $473.49 and on its face is shown to be "credit for Chev. (Chevrolet) taken to clear all accounts that *West Page 44 
he (John C. Jackson) was responsible for aggregating $473.49 in the year 1937."
Defendants were unable to produce the note on which they base their plea as well as their ledger and other office accounts and records for the year 1937. These, they claim, have all been lost or mislaid and cannot be found. The explanation concerning their loss is not quite as satisfactory as we think it should be and this, in our opinion tends to further weaken their side of the case.
From the testimony as a whole it appears therefore that the debt which the defendants have pleaded in compensation is one which has been fully settled by plaintiff without taking into account the debt on which he is presently suing them, as a result of which it follows that he was entitled to the judgment rendered in his favor in the district court.
Judgment affirmed at the costs of the defendants, appellants herein.