REID, Presiding Judge.
This suit was instituted by Mrs. Mary S. Bennett against her former husband, Thomas G. Markley, for an accounting of certain funds allegedly held by Mr. Markley. These funds were alleged to have accrued to plaintiff’s account as a result of production from oil lands upon which plaintiff held a substantial interest, as a result of oil, gas and mineral lease affecting that tract. Plaintiff alleged that the defendant had received certain funds due her. However, the defendant allegedly failed to account to plaintiff for her interest, “despite the fiduciary relationship existing between plaintiff and defendant.”
The defendant filed an answer in which he alleged that the plaintiff owed him $12,500.00, as a result of a loan which he had made to her on or about June 28, 1946. He admits that he did owe plaintiff $9,209.96, but specifically pleads that the “two debts were reciprocally extinguished as soon as they existed simultaneously to the extent of $9,209.96, which set off and compensation was specially plead.” Thus defendant claimed that plaintiff owed a balance of $3,290.04 to him. In the alternative the defendant asked for a judgment in reconvention for the full sum of $12,500.00 based upon the same facts.
The trial was had on the merits and judgment was rendered for the defendant. From this judgment the plaintiff perfected a sus-pensive appeal to the Supreme Court of the State of Louisiana. As a result of the recent revision of appellate jurisdiction in this state, this suit was transferred to the Court of Appeal, First Circuit.
It is felt that the concise and accurate findings of fact by the District Court after the trial on' the merits, should be adopted as our own, to-wit:
“In 1943 plaintiff and defendant were divorced. However, according to the testimony of both parties, they remained on good terms and retained a mutual interest in the child born of that marriage whose custody was placed in the plaintiff.
Subsequent to the divorce from defendant, plaintiff married a man named *171 Garcia and moved to Mexico City. This marriage proved to be unsatisfactory and on an occasion when defendant was visiting his child at the home of plaintiff while she was married and residing in Mexico City, upon representation to defendant of her unhappiness with her second marriage, defendant assisted plaintiff in procuring an attorney who obtained a divorce for plaintiff, and in addition, the evidence shows that defendant accompanied plaintiff to the State of California and assisted in obtaining a home for plaintiff in the State of California, though, at that time defendant had, himself, remarried. A home far the plaintiff was purchased for the sum of $52,500.00, of which $25,000.00 was paid by plaintiff, $12,500.00 was advanced by defendant and a note for the sum of $15,000.00 secured by a mortgage on the property, was given for the balance.
In answer to the petition of plaintiff in this suit, defendant asserts that the $12,500.00 advanced by him on the purchase of the home in California, above referred to, was a loan which he made to her and that he was entitled to set off the $12,000.00 against the funds due by him to her amounting to the sum of $9914.45, leaving a balance of $2585.55 due and owing defendant by plaintiff, for which he seeks judgment in reconvention.”
Going further the District Court made the following findings concerning the issue in the case at bar:
‘‘The decision of this case therefore rests on a determination of whether or not defendant made a gift of the $12,500.00 to plaintiff or whether or not the advance of $12,500.00 by defendant on the purchase price of the home constituted a loan for which defendant is entitled, upon his assertion to recover.”
In the District Court, the judgment for the defendant was based upon the following findings of fact and interpretations of the applicable law:
1. Plaintiff had the burden of proving that the $12,500.00 advanced by the defendant on the purchase of the California home was a donation and not a loan.
2. The payment, or advance, of the $12,500.00 made by defendant was not made to plaintiff in as much as the payment was made by defendant directly to the escrow agent, the bank, which acted in a transfer of the property.
3. That the audit of defendant’s books show an entry under accounts receivable on December 31, 1946, for $12,500.00 due by Mrs. M. S. Markley. (Mrs. M. S. Markley referred to in the audit has remarried and is now Mrs. Mary S. Bennett, the plaintiff in this suit.)
4. That the defendant did not pay gift tax on the $12,500.00, nor claim that it was a gift in his tax returns, although he was a wealthy oil man and had to employ accountants and tax experts to attend to his business affairs and to advise him.
The District Court’s reasons for judgment should be examined in relation to the applicable Louisiana Statutes and jurisprudence. The main issue in this case is whether the funds advanced by the defendant on the purchase of plaintiff’s home in California were advanced as a donation or a loan.
As stated supra, the trial court found that the burden of proof on this point rested upon the plaintiff. This suit was instituted by the plaintiff in order to obtain an accounting and disbursement of funds belonging to plaintiff which were held in trust by defendant. No mention was made of any other issue in the petition filed by plaintiff. The defendant himself raised the issue of the funds he had advanced on the purchase of the home in California, contending that he merely made a loan to plaintiff.
Under this set of facts and procedural circumstances, it appears that the defendant *172 pleading the affirmative defense of set off and compensation would bear the burden of proving that affirmative defense. Alternatively, this is also true regarding the burden placed upon the plaintiff-in-reconvention as regards the facts relied upon in the recon-ventional demand.
The defendant injected a new issue into this suit. There has been no special rule of evidence cited to us, nor have we been able to find such a rule, which would shift the burden of proving set off and compensation from the defendant who relies upon these defenses to the plaintiff who did not even mention the amount in question in her original petition. Nor were any citations afforded us regarding the shifting of the burden of proof in the reconventional demand made herein.
However, the counsel for defendant did cite the following cases and codal articles in support of his contention that “the burden of proof rests upon the one claiming the donation.” Succession of Zacharie, 119 La. 150, 43 So. 988; Succession of Housknecht, 135 La. 818, 66 So. 233, L.R.A.1915B, 396; Succession of Rageur, 155 La. 97, 98 So. 853; Succession of McBurney, 162 La. 758, 111 So. 86; Faison v. Patout, 212 La. 37, 31 So.2d 416; Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502.
These authorities have been carefully examined and have been found inapposite to the case at bar. In each of the cases cited a succession was involved and there was a question of whether or not decedent had actually donated the item in dispute. The party relying upon the donation in those cases was held to have the burden of proof. Since in each instance the donor was dead, then the donee had a strong burden of proof in order to retain the item which he contended had been donated to him. In some of these cases, the donee sustained this burden. In others, the donee failed to prove his case. In none of the cases was the set of facts substantially similar to those presented in the case at bar.
On the other hand plaintiff’s counsel has cited several authorities which indicate that the defendant in this case had the burden of proof regarding the nature of the $12,500.00 advance to plaintiff. We take the liberty to quote from his brief as follows :
“A plea in compensation is a special defense and the person asserting such defense has the burden of proving it. Jackson v. Taylor Bros. Garage [La.App.], 4 So. 2d 41. Furthermore, the reconventional demand, upon which judgment was rendered by the District Court, depends for its success upon proof that the transaction was a loan and not a gift. Here again, the burden of proof in asserting this recon-ventional demand is clearly upon the plaintiff in reconvention. See Pillsbury Mills, Inc. v. Chehardy, 213 La. 111, 90 So.2d 797, and the the cases therein cited; Pataut [Patout] v. Bauriaque [Bourriaque], [La.App.] 44 So.2d. 238 and Easterline [Easterling] v. Bagwell [La.App.], 21 So.2d 770. In the case of Authement v. Naquin [La.App.], 26 So.2d 224, plaintiff sought to recover an alleged loan of funds used to buy a home in defendant’s name. The Court held that plaintiff had not discharged the burden of proving that the transaction was a loan.”
These authorities and the legal rules which they recognize are found to be both correct and pertinent. Accordingly, it is found that the defendant herein bore the burden of proving his special defense of compensation and set off, and, in the alternative, of proving its reconventional demand.
Let us now examine the District Court’s finding regarding the nature of a payment made to an escrow agent. As stated above, it was found that such a payment when made by the alleged donor of a manual gift directly to a bank, instead of to the alleged donee, could not be considered to be made to the alleged donee. The attorney for the defendant has not advanced any arguments upon this point on appeal. It must be presumed that he considers it insignificant.
*173 Plaintiff’s counsel has cited several cases from Louisiana jurisprudence which recognize the rules set forth in LSA-C.C. Articles 1539 and 1541 in regard to manual gifts. These cases recognize the rule that a manual gift to someone for the account of another is valid. See Ory Bros. et al. v. Muller, 14 La.App. 35, 128 So. 903; Chachere v. Dumartrait et al., 2 La. 38; Gibson v. Hearn, 164 La. 65, 113 So. 766; Succession of Zacharie, 119 La. 150, 43 So. 988. These codal articles and cases and the rule evolved in the cases are found pertinent to the case at bar. Therefore, the finding of the trial court regarding the lack of delivery in the instant case are found to be erroneous.
The trial court found it particularly significant that there was an entry in defendant’s books on December 31, 1946 showing an item of $12,500.00 due in accounts receivable by Mrs. M. S. Marldey, the plaintiff herein. Article 2248 of the Revised Civil Code of Louisiana provides as follows:
“The books of merchants can not be given in evidence in their favor; they are good evidence against them, but if used as evidence, the whole must be taken together.”
In light of this article, it is difficult to see why the District Court allowed the introduction of defendant’s accounts over the objection of plaintiff’s counsel. Be that as it may, let us concede arguendo that the introduction of the records was proper to prove at least that such an entry had been made, if not the truth of the facts indicated by the entry. There was no proof that plaintiff knew of the entry for several years after it was made. Usually, confirmation of accounts receivable is made by any C.P.A. auditing accounts. No proof was introduced herein regarding confirmation of this account. Nor is there any other substantial proof in the record that any demand for this “account receivable” was made until several years after the entry was made. It is entirely possible that a tax advantage was sought by putting this advance in the accounts receivable column.
The fact that defendant did not pay gift tax upon the money advanced was also considered as strong evidence in favor of the defendant. Once again, it should be noted that it was possible that by listing the money advanced in accounts receivable the defendant was seeking a tax advantage and paid no tax upon this amount. This possibility was not proved nor disproved.
On the other hand, there are many circumstances revealed in the record which substantiate the contentions of plaintiff regarding the nature of the funds advanced by the defendant on the purchase of the California home.
Plaintiff never was asked to evidence the alleged debt, nor did she ever acknowledge that the advance was a loan to her from the defendant. This was not required at the time the funds were advanced, at which time the property was put in defendant’s name. Defendant testified that one reason he had the property put in his name was for security on the $12,500.00 advance. At a later date, defendant advised plaintiff to set up a trust fund for their daughter and promised to make a sizable contribution to the fund. Although defendant stated that he notified plaintiff of her indebtedness at this time in contradiction of plaintiff’s testimony, he still did not require her to acknowledge the debt in writing or even before witnesses. Several letters were introduced in evidence regarding the transactions relating the funds of plaintiff which defendant held in trust. None of these show plaintiff’s knowledge that the defendant was claiming that the plaintiff owed him $12,500.00, except the letter or memorandum of April 9, 1951, made by Mrs. Bennett’s accountant.
We are satisfied that the defendant was actuated herein by his love for his daughter and his desire to provide a comfortable home for her commensurate with his means. He went to Mexico and assisted his ex-wife in getting a divorce from her second hus *174 band, accompanied her to California and rendered her every assistance necessary in the purchase of the home. We are further satisfied that he would have paid the entire amount if necessary, hut on discovering that the plaintiff had $25,000.00 cash in her own name, being the proceeds of the sale of her home in Mexico, induced her to pay this amount on the said home.
From the foregoing, we conclude defendant has failed to bear the burden of proof incumbent upon him to establish the funds advanced were in the nature of a loan rather than a gift or donation. In concluding otherwise, our learned brother below fell into error.
It is felt that another significant fact presented herein is that defendant had sizable sums belonging to plaintiff under his control from which he could have required payment of the alleged loan. Not only did he fail to do this, but he did not require evidence of the indebtedness prior to turning the funds over to plaintiff. Of course, it is only the final amount which he holds in trust which is at issue here. All of these facts set forth above weaken defendant’s claim. This is especially true since defendant is obviously a man of considerable wealth with a great deal of' experience in business.
It should be noted that the defendant admitted during the trial on the merits that additional funds in the amount of $704.49 were due plaintiff. These funds also represented income from interest in the oil, gas and mineral lease in question prior to the time the income derived from that lease was dedicated to the trust fund for Mark-ley’s daughter.
Accordingly, the judgment of the trial court is affirmed insofar as it gave judgment for Mrs. Mary S. Bennett against Thomas G. Markley in the sum of $9,914.45 and reversed insofar as it grants unto Thomas G. Markley a set off of the sum of $12,500.-00. The defendant is ordered to pay legal interest on the principal amount of this judgment from date of judicial demand until paid in full and to pay all costs of court.
Affirmed in part and reversed in part.