BLANCHE, Judge.
Plaintiffs-appellees, Gordon Dippel and the St. Francisville Improvement Company, Inc., filed suit for certain monies which they claim were due them by defendant-appellant, Lee Foster. Defendant resists the demand on the ground that the amounts claimed to be due were donations. The evidence discloses that the St. Francisville Improvement Company, Inc., was the owner of Lot 41, Dippel Subdivision, Number 2, in West Feliciana Parish and that plaintiff, Gordon Dippel, was the owner of all the capital stock of said corporation. The corporation transferred title to the lot to defendant for the consideration of $2,000 cash but it is admitted that no part of the consideration was ever paid by the defendant. The evidence further shows that defendant intended to construct a home on the said lot and that plaintiff furnished defendant building materials for that purpose amounting to $4,578.70. It is also admitted that defendant has not paid plaintiff for the same. Plaintiff was also the local distributor for Texaco products and was also the owner of a Texaco Service Station which he had leased to defendant. When the lease between the parties was terminated, the defendant was found to have owed plaintiff a sum of $4,702.93 for gasoline, oil and related supplies. Again, the amount is not in controversy and the defendant admittedly has not paid for the same.
The defendant testified that plaintiff donated to him and his wife the lot and the materials which were used in the construction of the house. He also testified that when the lease was terminated on the service station that he had a “gentleman’s agreement” with plaintiff that the inventory which he had on hand would take care of what he owed him as a result of the service station operation. In support of his contention that the same was a donation, defendant points out that plaintiff never made demand on him for any of the aforesaid amounts until he filed suit on April 10, 1970, and that the demand for payment of the consideration due for the lot was made over four years after the sale. Evidently, the force of this argument is that the plaintiff’s failure to make more timely demand for what was due him is evidence of his having made a donation to the defendant. On the other hand, the plaintiff denies that he ever donated anything to defendant and testified that he and defendant had a conversation about the amount due and that when defendant told him he was going to sell other property that he owned, plaintiff became fearful he would not get paid and filed suit “to protect my interests.”
The trial judge correctly resolved all issues of fact and law, and we take the liberty of quoting with approval from his opinion:
“The Court finds the testimony of both parties somewhat incredible. It is hard to conceive of a successful businessman, such as plaintiff appears to be, extending himself to such an extent as he did for defendant without receiving in return some evidence of the indebtedness. On the other hand, it is also inconceivable *205 that plaintiff intended to donate these rather large sums to defendant. There was no testimony whatever offered by defendant as to why Gordon Dippel would have any reason whatever to donate him a $2,000.00 lot and then go to considerable expense to build him a home on the lot. Neither is it conceivable that Gordon Dippel would donate defendant the sum of $4,702.93 which defendant owed plaintiff through the operation of defendant’s business.
“From the evidence presented we feel the issue is fairly simple to resolve. In such a case as this the burden of proof is upon the party alleging the donation to prove it. Bennett vs. Markley, 138 So.2d 169 (1st Cir.1962). We feel that defendant has fallen woefully short of carrying this burden.
“Although we are somewhat puzzled by plaintiff’s handling of his business affairs our duty is not to offer suggestions on how one should operate his business, but rather to take the situation as it exists and resolve the conflicts according to the prevailing rules of law. Why plaintiff saw fit to extend defendant this amount of credit for a period of approximately four years we will not presume to answer. Nor has either party offered an answer. But the fact remains that plaintiff did extend such credit until such time as he decided to file suit to collect these indebtednesses.” (Reasons for Judgment, Record, pp. 15, 16)
Lastly, the trial court concluded that the plaintiffs had proved their case by a preponderance of the evidence, and with that conclusion, we likewise agree.
For the above and foregoing reasons, the judgment of the trial court is affirmed, the costs of this appeal to be paid by defendant-appellant.
Affirmed,