ST. PAUL, J.
 

 This* is a- suit to enforce specific performance of an agreement to sell certain real estate, or in the alternative for damages for refusal to execute the sale.
 

 There are several defenses urged, but we find it necessary to mention only two.
 

 The first is that the promise to sell made by defendants was a promise made to G. Gazave and to plaintiff. Plaintiff alleged that she was the assignee of Gazave’s interest, but this was specially denied. The alleged assignment was not offered in evidence, the only offer being that of “the contract, which is admitted by the pleadings,” which was the contract to sell to Gazave and plaintiff. True, on the back of that contract there is what purports to be an assignment by Gazave to plaintiff; but that is no part of the contract “which is admitted by the pleadings.” And there is not a scintilla of evidence that Gazave ever signed this transfer; the only witness who was interrogated as to same being plaintiff’s husband, who had never seen Gazave, and did not know his signature.
 

 The other defense is that this was a purchase by a wife for account of the community between her and her husband, without the authorization of her husband. The petition declares that the property was to be purchased for her separate paraphernal aq
 
 *496
 
 count; “the purchase price being her separate paraphernal property,
 
 acquired by her from earnings and prefits in real estate deals."
 
 (Italic ours.) The evidence shows that plaintiff inherited about $30',000 from her parents, with which she has been speculating in real estate, and according to her petition the money which she purposes to use in the acquisition of this property comes from her earnings and profits in such speculations.
 

 Such earnings and profits made by a married woman belong to the community between herself and her husband, for it is the result of her industry and labor. R. Ó. O. art. 2402. And Act 219 of 1920, p. 365, which authorizes married women to contract with reference to their separate estates without the authorization of their husbands, specially provides that the provisions of said act shall not affect in any way the laws relative to the community. In other words. Act 219 of 1920 was intended as authority for a married woman to invest and manage her separate estate without the authorization of her husband, but it was not intended to abrogate the laws relative to the community and permit a wife to build up a separate estate during the community out of profits which she earns by her industry and skill, even if she uses part of her separate property in furthering her enterprise. Knight v. Kaufman, 105 La. 35, 29 So. 711; Fortier v. Barry, 111 La. 776, 35 So. 900; Ford v. Brooks, 35 La. Ann. 157.
 

 The case last cited is directly in point here. The wife may invest her separate estate and the revenues thereof. But her earnings during the marriage belong to the community, as well as those of her husband, even though earned by the use of the separate property of either.
 

 As the contemplated purchase was to be made with community funds, it follows that the wife had no right to make such purchase without the authorization of her husband, or to sue‘for the enforcement of .such contract.
 

 Such was the law before the Act of 1920; and that act has made no change in the law except to allow the wife to
 
 invest
 
 and.manage her separate estate without the intervention of her husband. It expressly declares that it shall not affect the community laws of the state, and hence cannot be so interpreted and used as to operate a virtual separation of property between the spouses.
 

 The trial judge found for the defendant, and we think his finding was correct.
 

 The judgment appealed from is therefore affirmed. ’