OVERTON, J.
 

 Plaintiff is the administrator of the succession of Emile H. Vereher. Defendant is the daughter of the deceased and the wife of Levy Roy, with whom she lived in commünity during the entire period covered by this suit. Vereher was about seventy-nine years of age when he died. He left at his death seven-children, including Mrs. Roy, and three grandchildren, who were the issue of the marriages of two deceased children, as his forced heirs. During the last eight years of his life he lived with his daughter, Mrs. Roy. During a part of that time his health was far from good, and during the last year of that period it was such as to require constant attention, which his daughter gave him day and night.
 

 There was no agreement, so far as appears, that Mrs. Roy would be compensated for the board and lodging she furnished her father, nor does it appear that demand was ever made upon him for payment. However, the deceased evidently intended to reward his daughter for the services she had performed, and was still performing, for on August 3, 1925, nearly two years prior to his death, he appeared before a notary and executed what purports to be his last will and testament, leaving what moneys and effects he might possess at his death to Mrs. Roy, assigning as reason for the bequest that “she has taken care of me for some years and at present 1 am making my home with her.” This will was never presented for probate, evidently for the reason that it is virtually devoid of every essential of a will.
 

 On March 5, 1927, slightly over a month before Vereher died, he made a time deposit of $2,600 in the People’s Bank of Natchitoches, and received, as evidence therefor, a certificate, the body of which, so far as pertinent, reads as follows: “Emile H. Vereher has deposited in this bank $2,600 payable to the order of Emile H. Vereher, or in case of his death to Laura Roy.” The deposit was made on twelve months’ time, to bear interest at 4 per cent, per annum up to maturity.
 

 
 *527
 
 The certificate remained in the possession of the deceased until his death, although he told his daughter from time to time that he wished'her to have it, and about a week before he died he repeated this desire, and told her where the certificate would be found.
 

 When Vercher died, and an administrator was appointed to his succession, Mrs. Roy refused to, deliver the certificate to the administrator, claiming it as her own. This suit followed, in which the administrator sues Mrs. Roy for judgment ordering her to deliver to him the certificate, and, in the event she should fail to deliver it, then for judgment authorizing him to collect it from the bank, and canceling the same upon its payment to him.
 

 Defendant appeared and filed her answer to this demand, admitting that the certificate was in her possession, and admitting her refusal to deliver it to the administrator. She sets forth that the certificate was made payable to her father, and, in the event of his death, to her, and asserts title to it as a manual gift by her father to her, and, should it be held that she is not the owner of the certificate, then she sues the administrator for boarding her father for a-period of four hundred and sixteen weeks at $5 a week, amounting to $2,080, and for nursing him for a period of one hundred weeks, at $10 a week, amounting to $1,000. Levy Roy, the husband of Laura Roy, intervened in the case and claimed $2,080 for the same board that his wife claimed in her answer.
 

 There was judgment for the administrator, decreeing the succession to be the owner of the certificate, and ordering Mrs. Roy to deliver it to the administrator on or before July 27, 1927, and, although the bank was not a party to the suit, ordering it to pay the administrator the amount of the certificate, with whatever interest may he due thereon, less $104, paid to the deceased and credited on the certificate, whether the certificate was delivered by Mrs. Roy or not, the payment to operate as a full discharge to the bank, and reserving to Mrs. Roy whatever claim she may have against the succession, and dismissing, in accordance with a motion of his counsel, the intervention of Levy Roy, as in case of nonsuit.
 

 Article 1536 of the Civil Code provides that: “An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.” Article 1539 provides that: “The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality.”
 

 The contention of Mrs. Roy that she is entitled to the certificate as a manual gift is not supported by the law. A certificate of deposit is not a corporeal movable, and therefore is not subject to donation by manual gift. It is merely a credit in favor of another for money deposited, which the one receiving the deposit binds himself to pay to the one making it or to his order. The certificate' is the mere evidence that the deposit was made and of the obligation to pay, and an obligation to pay is not corporeal, but incorporeal. Civil Code, art. 460; Succession of De Pouilly, 22 La. Ann. 97; Succession of Leroy, 157 La. 1077, 103 So. 328, 40 A. L. R. 503.
 

 However, even were the certificate of deposit a corporeal effect, and therefore susceptible of donation by actual delivery, nevertheless plaintiff’s title to it would not be valid, for the record fails to show an actual delivery. Telling the one claiming to be donee, a-few days before the alleged donor’s death,
 
 *529
 
 where the certificate would be found, namely, in his trunk, to hold the certificate and present it at the bank for payment, coupled with the statement that he wanted the alleged donee to have it for services performed, without even making an effort to indorse the certificate, although it was payable to order, does not show an actual delivery of it, but rather a wish that the donee should have the certificate, with information as to where it would be found.
 

 Our conclusion is that not only was the certificate not susceptible of transfer by manual gift, but even as a manual gift it was null for want of actual delivery.
 

 The fact that the certificate was made payable to the depositor, and, in the event of his death, to Mrs. Roy, does not entitle the latter to the certificate or its proceeds, on the happening of that event. To hold otherwise would be to give to the clause in favor of Mrs. Roy the effect of a donation mortis causa, when such donations can be made only by last will and testament. Civil Code, arts. 1750 and 1469; Barriere v. Gladding’s Curator, 17 La. 144. On the other hand, if the clause be viewed as an attempt to pay, after the death of the deceased, any obligation due Mrs. Roy, it is ineffective, for such obligation, at that time, must be established contradictorily with the succession, and paid, if it exists, by the succession.
 

 As to Mrs. Roy’s claim for services rendered to the deceased, made in the event she is not decreed to be the owner of the certificate, no judgment can be rendered in her favor for the claim. The services were rendered during the existence of the community of acquets arid gains, and while she and her husband were living together. It does not appear that any of her paraphernal funds were expended in performing the services. Compensation for services, though performed by the wife, is not due her, under these circumstances, but is due, if due at all, to the community, of which the husband is head and master. Act No. 186 of 1920; Civil Code, art. 2334, prior to amendment by Act No. 186 of 1920. As we have seen, the husband, is not before the court, for his intervention,, upon his own motion, was dismissed as in case of nonsuit It may be observed that the administrator has asked for no amendment to the judgment.
 

 Construing that the provision of the judgment ordering the bank, which was no party to the suit, to pay the certificate to the administrator, in accordance with the prayer of the petition, as a mere authorization of the administrator to collect the certificate from the bank, the judgment should be affirmed.
 

 The judgment is affirmed.