**159 So. 718**

### BYRD v. BABIN et al.

No. 32927.

Feb. 4, 1935.

Rehearing Denied March 4, 1935.

Fred G. Benton, of Baton Rouge, and Whittington & Brown, of Natchez, Miss., for appellant.

Hermann Moyse, of Baton Rouge, for appellees John T. Laycock and Louis U. Babin.

ODOM, Justice.

Plaintiff is a married woman living with her husband under the community régime. She brought the present suit to recover a certain amount which she alleged was due her by the defendants. Defendants excepted to her capacity to sue on the alleged ground that the petition shows that the amount which plaintiff seeks to recover is a debt due the community and not to the plaintiff individually, and therefore the suit should have been brought by the husband and not by the wife. The exception to plaintiff's capacity to sue was sustained by the lower court, and she appealed.

■ According to the petition, the allegations of which we accept as true for the purposes of this exception, the plaintiff in the year 1919 owned as her separate, paraphernal property, a tract of land situated near the city of Baton Rouge. She entered into a contract to sell the land to these defendants for the consideration of $27,500, plus one-half of the profits which might arise from the sale of lots. The land was to be subdivided into lots, and the lots sold by the defendants. After deducting the expenses, one-half the net proceeds over and above the $27,500 was to be delivered to the plaintiff. The agreement to sell especially stipulated that the profits arising from the development of the property were to be a part of the consideration for the sale of the land.

Subsequent to the date on which the agreement to sell was entered into, plaintiff, under notarial act in which it was recited that the property involved was her separate, paraphernal property, transferred the same to these defendants; the act reciting that the sale was made for a consideration of $27,500. At the same time there was another agreement entered into, the substance of which was that the sale was made subject to all the conditions of the original written agreement.

Plaintiff alleged that defendants had disposed of practically all the lots but had failed to account to her for her half of the net proceeds of these sales, and that they were yet due her approximately $8,000.

Counsel for defendants argues that the profits from this real estate transaction fall into the community under the holding in the following cases: Hellberg v. Hyland, 168 La. 493, 122 So. 593; Vercher v. Roy, 171 La. 524, 131 So. 658; Succession of Howell, 177 La.

276, 148 So. 48; Houghton v. Hall, 177 La. 237, 148 So. 37.

These cases have no application whatever to the case at bar. In Hellberg v. Hyland the wife was engaged in the real estate business. The property there involved was acquired by her from "earnings and profits in real estate deals." It is true that she had inherited about $30,000 from her parents, which she had used in real estate operations. She had used that money in speculating in real estate and, as said by the court, according to her petition "the money which she proposes to use in the acquisition of this property comes from her earnings and profits in such speculations." In Vercher v. Roy the plaintiff was claiming a certain sum for services rendered during the existence of the community and while living with her husband, and it was held that the amount earned by her was due the community and not to her individually. In Succession of Howell, the wife, while living with her husband, had done clerical work as secretary for the deceased, Howell, and contended that inasmuch as she was engaged in a separate business from that of her husband the amount which she had earned was her separate property. Houghton v. Hall involved the earnings of a wife who was engaged in a separate business from that of her husband.

In all these cases the records disclose that the amounts or properties involved were such as were acquired by the wife while engaged in some business or enterprise.

██ However, in the case at bar, plaintiff was not engaged in any business or enterprise. She owned property in her own name and right, sold the same at a profit, and is now suing to recover the amount which she alleges is due her as part of the consideration of the sale. Where a married woman, who is not engaged in the real estate business, sells her separate, paraphernal property and realizes a profit from the sale, the profit realized is her paraphernal property. The fact that she exercises good business judgment in working out an arrangement with the purchasers of the property for its subdivision into lots and the sale thereof does not bring the added profits within the definition of "earnings," as that term is used in article 2334 of the Civil Code.

For the reasons assigned the judgment appealed from is reversed, the exception to the capacity of plaintiff to sue is overruled, and it is now ordered that the case be remanded to the Nineteenth judicial district court for the parish of East Baton Rouge, reinstated on the docket to be proceeded with according to law; costs of this appeal to be paid by appellee, all other costs to await results.