170 So.2d 256 (1964)
Succession of Sam C. GRUBBS.
No. 10301.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1964.
Rehearing Denied January 7, 1965.
Writ Refused February 24, 1965.
Naff, Goodman & Johns, Shreveport, for appellant.
Peters, Tuck & Ward and Robert G. Pugh and Sydney Nelson, Shreveport, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Sam C. Grubbs died testate, survived by his second wife, Virginia Smith Mosley Grubbs, and one child, Sam C. Grubbs, Jr. Following his death his succession was opened and in the course thereof an inventory of the estate was ordered taken and filed. By appropriate proceedings objections were filed as to the manner in which certain property in the succession was inventoried, i. e., whether it was community property or the separate property of either the decedent or of his second wife. The lower court ordered the classification of certain property in the inventory changed and it is from this ruling the present appeal is taken by Sam C. Grubbs, Jr.
*257 By stipulation some of the contested items of the inventory are no longer disputed. Therefore, the first item before this court for consideration is a savings deposit in a Shreveport bank in the name of the second wife which was classified as her separate property by the judgment of the lower court. Secondly, Mr. Grubbs questions the decree of the lower court amending the inventory so as to reflect as community property a 1955 model automobile claimed to have been purchased before decedent's marriage to his second wife.
We shall first consider the savings account. The evidence reflects Mr. Grubbs went to the Pioneer Bank & Trust Company in Shreveport, Louisiana, and deposited $10,000 in a savings account in the name of his wife, Virginia S. Grubbs. However, written authorization was granted to the bank for withdrawal from the account to be made upon the signature of either Mr. or Mrs. Grubbs. It is stipulated all withdrawals from the account were made by Mrs. Grubbs. It is the position of Virginia S. Grubbs that Mr. Grubbs made a donation inter vivos of the $10,000 to her and that the savings account should be classified as her separate property. Relevant to this contention are the following articles of the LSA-Civil Code:
Art. 1468:
"A donation inter vivos (between living persons) is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it."
Art. 1536:
"An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity."
Art. 1538:
"A donation inter vivos, even of movable effects, will not be valid, unless an act be passed of the same, as it is before prescribed.
"Such an act ought to contain a detailed estimate of the effects given."
Art. 1539:
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."
In Bordelon v. Brown (La.App. 2 Cir., 1956) 84 So.2d 867, the court had for consideration the question of ownership of a sum of money on deposit in a bank. The opinion pointed out that generally an account on deposit in a bank is an incorporeal right the valid donation of which requires compliance with the provisions of LSA-Civil Code, Article 1536.
In an earlier case of Northcott v. Livingood et al. (La.App. 2 Cir., 1942) 10 So. 2d 401, the court said:
"A credit in bank is not a corporeal movable and for this reason its transfer to another may not be affected by manual gift."
Mrs. Grubbs takes the position the savings deposit in the instant case was not an incorporeal, but was a corporeal, thing the manual gift of which required no formality under LSA-Civil Code, Article 1539. The effect of this argument is that decedent did not attempt to donate the savings account to his wife but that he made a manual gift of the money to her. Cited as authority for this argument is Succession of Zacharie, 119 La. 150, 43 So. 988 (1907) and Succession of Bendel (La.App. 2 Cir., 1959) 116 So.2d 84. Neither of these cases are factually similar to the instant case. In the Bendel case the husband made a donation of savings bonds by manually delivering them to his wife. In the Zacharie case decedent, during his lifetime, made a donation jointly to his two sisters of money which one of them later deposited in a savings *258 account. In the course of the opinion the court said:
"* * * All the facts and circumstances show an intention to give, consummated by a real delivery. Civ. Code, art. 1539. There can be no question of the fact of delivery, since the fund was placed in the power and possession of the two sisters. Civ.Code, art. 2477. The fund was put beyond the control of the donor, and he could not withdraw the same, or any part thereof, without the written consent of the donees. The manual gift thus made was irrevocable, and could not be affected by the subsequent declarations of the donor that he intended to invest the fund in bank stock, or that it was a provision made for his sisters in case of his death. * * *"
Testing the savings deposit in the instant case in light of the cited codal provisions and jurisprudence, it is clear that Sam C. Grubbs attempted to transfer a savings account deposit to his wife. As the transfer was not done in conformity with LSA-Civil Code, Article 1468, and since the donor retained the privilege of withdrawing from the fund, and since it was not a manual gift under LSA-Civil Code, Article 1539, it was invalid.
As relates to the $10,000 savings account, the only contest on appeal is whether it should be classified as property belonging to the community of Sam C. Grubbs and his wife, Virginia Smith Mosley Grubbs, or whether it should be characterized as the separate property of Mrs. Grubbs. We conclude the savings account deposit should have been inventoried as property belonging to the community of acquets and gains existing between Sam C. Grubbs and his wife, Virginia Smith Mosley Grubbs.
The only testimony introduced with reference to the 1955 automobile is the testimony of Sam C. Grubbs, Jr. He could not state definitely whether the car was purchased by his father before or after the marriage to Mr. Grubbs' second wife. After some questioning from his attorney he did say, "I believe it was before." This vague testimony is insufficient to overcome the presumption that this movable property was acquired during the existence of the community between Sam C. Grubbs and his second wife. LSA-C.C. Art. 2405 provides:
"At the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess, are presumed common effects or gains, unless it be satisfactorily proved which of such effects they brought in marriage, or which have been given them separately, or which they have respectively inherited."
We hold the lower court was correct in classifying the 1955 model automobile as community property.
It was stipulated the judgment appealed from should be amended so as to specify the following property as the separate property of Sam C. Grubbs:
1. One seven (7) carat diamond ring $3,500
2. One State Fair Stadium Commission two per cent (2%) income certificate showing face value of $100; No. 366 dated October 1, 1949$100.
3. One ladies dinner ring with chip diamonds$100.
For the reasons assigned, the judgment appealed from is amended in the following particulars:
(1) The savings account in the Pioneer Bank & Trust Company, Shreveport, Louisiana, in the name of Virginia S. Grubbs in the sum of $10,150.56 is decreed to be community *259 property rather than the separate property of Virginia Smith Mosley Grubbs.
(2) The following property is classified as the separate property of Sam C. Grubbs:
(1) One seven (7) carat diamond ring $3,500.
(2) One State Fair Stadium Commission two per cent (2%) income certificate showing face value of $100; No. 366 dated October 1, 1949 $100.
(3) One ladies dinner ring with chip diamonds$100.
After re-classifying the above property, it is ordered the inventory be recapitulated so as to reflect such changes.
It is further ordered that the costs of this appeal be borne equally between Virginia Smith Mosley Grubbs and Sam C. Grubbs, Jr., and that all other costs await the final outcome of the succession proceedings.
Amended and remanded.