231 So.2d 425 (1970)
Joseph BASCO, Plaintiff-Appellant,
v.
CENTRAL BANK & TRUST COMPANY, Boyce, Louisiana, Defendant-Appellee.
No. 2971.
Court of Appeal of Louisiana, Third Circuit.
February 11, 1970.
Vance Thompson, Alexandria, for plaintiff-appellant.
Kelly Hamm, Alexandria, for defendantappellee.
Before FRUGE, SAVOY and HOOD, JJ.
*426 HOOD, Judge.
Plaintiff, Joseph Basco, instituted this, suit against Central Bank & Trust Company primarily for judgment declaring him to be the owner of a savings deposit account in the defendant bank, and for attorney's fees. Judgment was rendered by the trial court dismissing the suit, and plaintiff has appealed.
The principal issue presented is whether the funds in the savings account are owned by plaintiff, individually, or by the estate of Louis Basco, deceased.
On September 3, 1968, Louis Basco opened a savings account in defendant bank, and on that day he deposited the sum of $880.00 in that account. The account was opened in the name of "Joseph Basco, by Louis Basco," and a Savings Department Deposit Book was issued by the bank showing that the account was in that name. This deposit book was given to Louis Basco. The signature card which was furnished to the bank when the account was opened showed that withdrawals from that account could be made only by Louis Basco. No funds have ever been withdrawn from that account.
Louis Basco died sometime during the year 1969. The day before he died he handed the Savings Department Deposit Book to plaintiff, Joseph Basco, who was a nephew of the decedent. After the death of Louis Basco, plaintiff presented the book to the bank with the request that the funds in that account be paid to him, but the bank refused to comply with that request. Plaintiff then engaged counsel who made demand on the bank for payment of the funds to plaintiff, but that demand also was refused. This suit was then instituted.
The defendant bank gives two reasons for its refusal to comply with plaintiff's demands. One is that Louis Basco is the only person who is authorized to make withdrawals from that account, and the other is that a demand for the same funds has also been made on the bank by Person Otey BAsco, or W.O. Basco, a brother of the decedent. Defendant takes the position that since Louis Basco was the only person authorized to withdraw funds from that account, and since he is now deceased and there are conflicting claims to the money in this account, the bank cannot safely deliver these funds to plaintiff "without a court order decreeing same."
The trial judge concluded that the funds in the account belonged to Louis Basco, now deceased, and that the decedent had not made a valid donation inter vivos of those funds to plaintiff. Judgment thus was rendered rejecting plaintiff's demands.
We agree with the trial judge that the funds in the above-mentioned savings account were owned by the decedent, Louis Basco. He opened the account, he made the only deposit which was ever made to it, and he was the only person who was authorized to make withdrawals from it. The evidence shows that plaintiff did not make any deposits to the account, he was never authorized to make any withdrawals from it and there is nothing in the record which indicates that he had any proprietary interest in it, even though Louis Basco opened the account in plaintiff's name.
We also conclude that Louis Basco did not make a valid donation of the funds in that account to plaintiff. A donation inter vivos of an incorporeal thing, such as a credit, right or action, is not valid unless it is made by an act passed before a notary public and two witnesses. LSA-C.C. Art. 1536. Generally, an account on deposit in a bank is an incorporeal right, and a valid donation of such an account requires compliance with the provisions of Article 1536 of the Civil Code. Succession of Grubbs, 170 So.2d 256 (La.App. 2 Cir. 1965); Bordelon v. Brown, 84 So.2d 867 (La.App. 2 Cir. 1956); Succession of Housknecht, 135 La. 818, 66 So. 233, L.R.A. 1915B, 396 (1914); Vercher v. Roy, 171 La. 524, 131 So. 658 (1930); Northcott v. Livingood, 10 So.2d 401 (La.App. 2 Cir. 1942).
*427 In Bordelon v. Brown, supra, a joint savings account was opened by plaintiff and his housekeeper, Edna Brown. The existence of the deposit was evidenced by a bank book, the possession of which was necessary to make withdrawals from the account. This bank book was delivered to plaintiff originally, but the parties later had an endorsement entered in the bank book to the effect that both parties had to sign to make withdrawals, and that in case of death the survivor "has complete account." Plaintiff then actually delivered the bank book to Mrs. Brown, and she still had it in her possession at the time of the trial. The Second Circuit Court of Appeal concluded that the savings account was an incorporeal thing, and that it could be validly donated to Mrs. Brown only be means of a notarial act, as provided in LSA-C.C. Art. 1536. The court held that the entering of the endorsement of the bank book and the manual transfer of possession of that book did not have the effect of transferring the account to Mrs. Brown.
In Succession of Grubbs, supra, the decedent had opened a savings account in the name of his wife, with the authorization that withdrawals could be made upon the signature of either Mr. or Mrs. Grubbs. All withdrawals had been made by Mrs. Grubbs, and she contended that she had become the owner of the account by donation inter vivos. Our brothers of the Second Circuit held that the account was an incorporeal thing, and that since a notarial act had not been executed pursuant to the provisions of the Civil Code, there had been no valid donation of the account to Mrs. Grubbs.
We think the cited decisions are applicable to the issues presented in the instant suit. The savings account was owned by the decedent, Louis Basco, and since there had been no compliance with the requirements of Article 1536 of the Civil Code, plaintiff never acquired the account, or the funds in it, by donation inter vivos. The defendant bank thus correctly refused to comply with plaintiff's demand that the funds be delivered to him.
Plaintiff has referred us to the cases of Britton v. Aymar & Bryant, 23 La.Ann. 63 (1871), and Fisk v. Germania Nat. Bank, 40 La.Ann. 820, 5 So. 532 (1888). In our opinion, however, these cases are not applicable here. The Britton case is authority for the rule that a depository is bound, in the absence of any judicial proceedings, to hold the property deposited subject to the order of the depositor, and that the depository cannot be held liable in damages, in the absence of proof of fraud, for obeying the orders of the depositor. That case is not applicable to the instant suit, however, because here plaintiff was not the depositor, and he had no authority to withdraw the funds which had been deposited by Louis Basco in the savings account.
In Fisk, supra, a bank box was rented from defendant bank in the name of Anne Conery, and the contract with the bank provided that the box would be delivered to the "bearer" of the card which was issued by defendant evidencing the contract. The decedent was not a party to the contract of deposit between Anne Conery and the bank, but he kept some of his valuables in that box, and as between him and Miss Conery the box and its contents were exclusively his property. He generally kept the card in his possession. Shortly before his death, however, Anne Conery came into possession of the card and one of her co-conspirators obtained access to the bank box and possession of its contents by being the "bearer" of that card and presenting it to the bank. The court held that the defendant bank had restored the thing deposited to the person who was pointed out to receive it, as provided in LSA-C.C. Art. 2949, and that the bank thus was not liable in damages for delivering the box to the bearer of the card. In the instant suit, unlike the facts in the Fisk case, plaintiff had not been authorized or pointed out to receive the funds deposited by Louis Basco, and the contract of deposit with the bank did not provide that the funds could be *428 withdrawn by the Dearer of the deposit book.
Our conclusion is that plaintiff is not entitled to judgment declaring him to be the owner of the savings deposit account on the grounds alleged here, and that there thus is no error in the judgment rendered by the trial court.
No issue was presented in this suit as to whether plaintiff is or may be an heir or legatee of the decedent, and as to whether he is entitled to all or part of the funds in the savings account on those grounds. The judgment rendered in the suit thus will not preclude him from seeking to claim said funds on other grounds.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.