GULOTTA, Judge.
This is a suit by Jack A. Porobil directed against the administratrix of the succession seeking the ownership of proceeds (from the conversion of original certificates) ordered placed in the Registry of the Court. From a judgment dismissing plaintiff’s suit and ordering the funds to be included in the assets of the succession, Porobil appeals.
The facts are that Sam Zurak, decedent, purchased six investment certificates of the Safety Finance Service, Inc., and Safety Auto Finance Company totaling the sum of $27,000 bearing interest at the rate of 6 percent per annum. On the same day, Zu-rak placed the certificates in the safekeeping[1] of Porobil who was at that time president of the finance company. After Porobil learned of decedent’s death on January 14, 1967, he cashed in the certificates. According to appellant, the decedent made a gift of the certificates to him on September 2, 1965. He supports this contention with the corroborative testimony of three witnesses who testified that Zurak told them at the finance office in September, 1965, that he (Zurak) was giving the certificates to Porobil. Appellant claims at that time the ledger sheets and the certificates were placed in the name of “Jack A. Porobil or Sam Zurak”.[2]
The administratrix takes the position that even if the decedent intended to make a gift to Porobil, the said certificates are incorporeal in nature and, therefore, subject to the provisions of LSA-C.C. art. 1536 requiring donations of such property to be in authentic form. LSA-C.C. art. 1536 reads as follows:
“An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
Porobil, on the other hand, insists that the certificates are corporeal and similar to “certificates of stock” issued by building and loan associations, or bonds, and can be the subject of a manual gift in requiring transfer by authentic act. See LSA-C.C. art. 1539.
“The manual gift, that is, the giving of corporeal movable effects, accompanied *863 by a real delivery, is not subject to any formality.”
It is appellant’s contention that all of the requirements of a manual gift of corporeal movables have been met (i. e., delivery); therefore, he is the owner of said certificates.
We do not agree.
The certificates are acknowledgments of money deposited with or loaned to both Safety Finance Service, Inc., and Safety Auto Finance Company. They read in part as follows:
“ * * * For value received, hereby promises to pay one year after date as specified herein to * * * ”
Documents of this kind have been held to be incorporeal. In the case of Vercher v. Roy, 171 La. 524, 131 So. 658 (1930), certificates of deposit were held to be in-corporeals. The Supreme Court in its opinion on page 660 stated:
“The contention of Mrs. Roy that she is entitled to the certificate as a manual gift is not supported by the law. A certificate of deposit is not a corporeal movable, and therefore is not subject to donation by manual gift. It is merely a credit in favor of another for money deposited, which the one receiving the deposit binds himself to pay to the one making it or to his order. The certificate is the mere evidence that the deposit was made and of the obligation to pay, and an obligation to pay is not corporeal, but incorporeal.” (emphasis ours)
In the case of Northcott v. Livingood, 10 So.2d 401 (La.App. 2nd Cir. 1942), a joint bank account was held to be an incorporeal.
In McLaughlin v. Knox, 224 So.2d 491 (La.App. 1st Cir. 1969), a promissory note also was held to be an incorporeal.
We conclude, therefore, that the certificates in the instant case are incorporeals.[3] They are acknowledgments of an obligation to pay (i. e., a “credit” as enumerated in LSA-C.C. art. 1536) and, as such, cannot be the subject of a manual gift but can only be donated inter vivos by authentic act. Accordingly, the proceeds from the certificates are properly assets of the succession.
The judgment is affirmed.
Affirmed.

. According to a receipt bearing even date.

. The originals of the sets of certificates have not been introduced into evidence as they were cashed in. Following the consent of all counsel, photocopies of the originals were offered for the court’s information. However, these copies show the certificates to be in the name of Sam Zurak or J. A. Porobil and are dated July 9, 1964.

. See LSA-C.C. art. 460.