PAVY, Judge.
This is a claim by an administratrix against a bank for $5,197.84 representing a savings account balance as of May 1, 1974, the death date of Sam Lewis, one of the decedents. On May 3rd, at the instance of Harvey Lewis, the bank paid $2,972.32 to a funeral home for its burial expense claim. On May 9th, it paid the balance to said Harvey Lewis. The district court entered judgment for plaintiff in the amount of the last withdrawal of $2,225.52, and plaintiff does now seek to hold the bank liable for the payment directly to the funeral home. The defendant bank has appealed.
MOTION TO DISMISS THE APPEAL
Appellee moves to dismiss the appeal on the ground that the appellant has failed to comply with Code of Civil Procedure Article 2126 requiring an appellant to pay costs of preparing the record and the appellate court’s filing fee within three days prior to the return date. The filing fee required has been transmitted and received by this court. Affidavits attached to the motion to dismiss and the opposition show that the Sabine Parish Clerk of Court never bills litigants or their attorneys for appeal costs until the responsibility for said costs is firmly determined by the appellate court decree and that said clerk has a credit arrangement with appellant’s attorney under which it monthly bills his law firm for any amounts incurred during the month, including the cost and fees required by the aforementioned Code of Civil Procedure article. The said affidavit further shows that said law firm’s account with the clerk of court is and has been for several years current and nondelinquent.
We do not think the practical and convenient bookkeeping arrangement which existed between the clerk of court and appellant’s attorneys can be construed as a failure to comply with Code of Civil Procedure Article 2126. Even if there is such failure, it could not be imputable to appellant so that it must suffer loss of its appeal.
In Howard v. Hardware Mutual Co., 286 So.2d 334 (S.Ct.La.1973) the Court of Appeal had dismissed an appeal for failure to pay the appellate court’s filing fee based on an affidavit by the lower court clerk that appellant had not paid such fee. (See 251 So.2d 642). It appeared from evidence taken on remand by the Supreme Court that the appellant had been assured by the clerk of court that there were sufficient funds on hand to cover the costs of appeal. The Supreme Court held the dismissal of *811 appeal by the court of appeal was improper saying:
“Article 2161 of the Louisiana Code of Civil Procedure provides:
‘An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.’
In the present case, no ‘irregularity, error or defect’ appears in the record. The Howard appeal, with the completed record, was timely lodged in the Court of Appeal. The sole dispute centers around the failure to pay the necessary filing fees.
We have found that the failure to timely pay the filing fee was due to no fault of the appellant. She has been ready and willing to pay an accurately determined cost deficit at any time. Moreover, once the appeal has been timely lodged in the appellate court, the non-payment of the filing fee within the three-day period fixed by Article 2126 LSA-C.C.P., is no longer fatal to the appeal. See Suire v. Patin’s Tire Service, La.App., 251 So.2d 182, writ ref., 259 La. 811, 253 So.2d 68 (1971); Delaware Imp. Corp. v. Shall, La.App., 243 So.2d 75 (1971). See also Vogt v. Wheat, La.App., 222 So.2d 579 (1969).
The respondents rely upon our decision in La. Power and Light Co. v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970). In that case, however, the appeal was not timely lodged in the Court of Appeal. Hence, the case is distinguishable.”
Similarly distinguishable from this case are the cases of Succession of DeHart, 272 So.2d 781 (La.App. 3rd Cir., 1973), Thibodeaux v. St. Paul Mercury Ins. Co., 310 So.2d 860 (La.App. 3rd Cir., 1975) and Martin v. Travelers Ins. Co. et al., 313 So.2d 342 (La.App. 3rd Cir., 1975) all of which involved untimely lodgings of the records. Here the record was lodged three weeks before the return date. Accordingly, the motion to dismiss the appeal is denied.
MERITS
The savings account passbook was not available for trial. The ledger sheet for this savings account showed it to be in the following style:
In case of death Pay to Sam Lewis Qr Harvey, Ovie, Clara, La. Clarence, Allie Lewis or Dalmie Jackson
Appellant bank takes the position that this account was a joint account within the meaning of R.S. 6:32 so that the bank was relieved of responsibility for the payment to Harvey Lewis in accordance with that provision which at the pertinent time read in part as follows:
“When a deposit is made in any bank, savings bank or trust company under the names of two or more persons, payable to each of such joint depositors, this deposit or any part of it, or any interest or dividend on it may be paid to any such joint depositor, whether the other joint depositor or depositors be living or not, and the receipt or acquittance of the person paid is a full release and discharge of the bank, savings bank or trust company for any payment made with respect to anyone; . . . ”
For its said position, appellant relies on a dictionary definition of the word “or” *812 and the opinion of its bank officials that said work characterized the account as a joint one within the intent of the quoted statute despite the death-contingency language in the style of the account.
Appellee-administratrix relies on the cases of Vercher v. Roy, 171 La. 524, 131 So. 658 (S.Ct.1930); Bordelon v. Brown, 84 So.2d 867 (1956, La.App. 2d Cir.); Bascoe v. Central Bank & Trust Co., 231 So.2d 425 (1970, La.App. 3d Cir.) and Succession of Grubbs, 170 So.2d 256 (1964, La.App. 2d Cir.).
A close reading of these decisions reveals that they do not involve an interpretation of R.S. 6:32. The accounts or deposit involved in those cases were strikingly similar to that herein but in none of those decisions did a bank make payment and invoke the protection of R.S. 6:32. However, those cases do clearly stand for the proposition that a bank account or deposit is an incorporeal and can only be donated by notarial instrument and that the forms for donations, inter vivos or mortis causa, must be complied with to effect either a present donation or one in contemplation of death.
The language of R.S. 6:32 does not purport to establish property rights. See Northcott v. Livingwood, 10 So.2d 401 (La.App.l942). Its purpose is to protect the bank from liability in making payments after the decease of one of the joint depositors. Thus, to apply the statute to cases involving a death contingency would extend the statute beyond its aim and perhaps tend to defeat instead of serve its purpose.
The language of the act clearly contemplates a present, noncontingent right of either of the named persons to withdraw from the account or deposit. Herein no such right existed. Under the language controlling the deposit, it was only on the death of Sam Lewis that another person would have the right to withdraw the deposit.
Additionally, R.S. 6:32 is in effect a departure from the basic provisions of our law requiring certain formalities for the making of present donations and testaments and a drastic impairment of the probate procedures protective of creditors and heirs. To give that statute application herein, we think the facts must clearly come within the precise language (a present right of each of the named persons to withdraw) of the statute. Therefore, we hold that the account or deposit herein was not subject to the provisions of R.S. 6:32 and the bank was not relieved of responsibility in making the payment to Harvey Lewis.
Accordingly, for reasons assigned the judgment of the district court is affirmed. All costs of this appeal are to be borne by the appellant.
AFFIRMED.