359 So.2d 1040 (1978)
Succession of Joseph J. PALERMO.
No. 8383.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1978.
Rehearing Denied June 13, 1978.
Harold H. Wedig and John M. Coman, Jr., New Orleans, for plaintiffs-appellants.
Zelden & Zelden, Max Zelden and Bruce Kingsdorf, New Orleans, for defendant-appellee.
Before SAMUEL, LEMMON and BEER, JJ.
SAMUEL, Judge.
This is an appeal taken by legatees from a judgment denying their petition and motion to traverse a detailed descriptive list filed by the executrix, decedent's widow. The disputed items are savings and checking accounts in a savings and loan association and two banks which are listed as gifts to her by the decedent. The pertinent facts involved in this appeal were stipulated and the matter was submitted to the trial court *1041 and to this court on that stipulation. Those facts are:
The decedent died May 22, 1974 in a hospital where he had been confined for approximately six days. By statutory will he left the naked ownership of his entire estate to appellants, subject to a usufruct over the estate to his wife. The disputed items listed as gifts to Mrs. Palermo are $10,000 in an account with the Dryades Savings & Loan Association in the joint names of Mr. or Mrs. Palermo, $1,948 in a savings account in the National American Bank in the names of Mr. or Mrs. Palermo, $6,639.97 in checking and savings accounts in the First National Bank of Commerce in the name of Mr. Palermo and $6,593.01 in another account in the Dryades Savings & Loan Association.
On May 20, 1974, Mrs. Palermo withdrew the $10,000 on deposit with the Dryades Savings & Loan Association and the $1,948 in the savings account in the National American Bank. In accordance with a power of attorney executed by decedent on May 20, 1974 the $6,639.97 in checking and savings accounts in the First National Bank of Commerce was transferred to a new account in that same bank in the name of Mrs. Palermo and on the same date a check in the amount of $3,000 was drawn on this new account and later cashed. On May 22, 1974 Mrs. Palermo withdrew the $6,593.01 in the other account in the Dryades Savings & Loan Association.
Also according to the stipulation, if the appellant and the sister-in-law and brother-in-law of the decedent were to testify under oath they would state that for several years prior to his death he had indicated he desired his wife to have all the cash he had either in his name or in their names jointly in the above accounts; that he later repeated this statement and at that time physically gave to his wife the Dryades savings accounts passbooks and all documents in connection with the savings account in the National American Bank.
Decedent's wife contends she is the owner of all the cash in these accounts because the gift of the savings account passbooks and other mentioned documents is a valid manual donation of corporeal movables, which takes effect upon physical delivery without other formality. Appellants argue the gift of a passbook representing a savings account and similar documents is a gift of an incorporeal thing, or things, which requires an act before a notary public and two witnesses.
The controlling law is set forth in Civil Code Articles 1536, 1538, and 1539, which provide:
"An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity." LSA-C.C. Art. 1536.
"A donation inter vivos, even of movable effects, will not be valid, unless an act be passed of the same, as is before prescribed.
Such an act ought to contain a detailed estimate of the effects given." LSA-C.C. Art. 1538.
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality." LSA-C.C. Art. 1539.
Our settled jurisprudential law is that an account on deposit in a bank is an incorporeal thing, a credit, and a valid donation of such an account requires compliance with the provisions of the above quoted Article 1536 of the Civil Code.[1]
If an account on deposit in a bank is an incorporeal which requires the execution of a notarial act before two witnesses, there is no valid reason for making a distinction between such an account and an account on deposit in a savings and loan association. No such distinction was made by the Supreme *1042 Court in Broussard v. Broussard.[2] In that case the defendant husband received a cash settlement from personal injuries sustained by him prior to his marriage, and on the same day purchased two "certificates of deposit" in both their names from a bank. Six months later the bank certificates were cashed and the funds were used to purchase savings certificates from a savings and loan association, which were also in the names of both husband and wife. Among other reasons for holding the husband did not make a valid donation of half the amount of each certificate to his wife, the court pointed out accounts on deposit are incorporeal rights[3] which may be donated only by notarial act in compliance with Civil Code Article 1536.
In the present case, even accepting as a fact that the decedent expressed his intention of giving the entire proceeds of the bank and savings and loan accounts to his wife and actually made physical delivery of the documents evidencing ownership of the accounts to her, accounts in banks and savings and loan associations are incorporeal rights, which can only be the object of a donation executed before a notary and two witnesses pursuant to Article 1536.[4] Hence, the manual donation of the passbooks and other documents was not an effective donation and the amounts involved must be returned to the corpus of the succession.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the plaintiffs-appellants and against the defendant-appellee. Accordingly, it is ordered that the sum of $25,180.98 be added as succession assets to the detailed descriptive list of all items of property belonging to the Succession of Joseph J. Palermo. It is further ordered that this matter be remanded to the trial court for further proceedings in accordance with law and not in conflict with the views expressed herein.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Judge, concurs and assigns reasons.
Since the assets were in the form of credits (which are incorporeal things and not susceptible of manual gift) at the time of the attempted donation, the donation was invalid for lack of form. A tougher question would have been presented if the evidence established that decedent, after some of the credits were converted to cash, had expressed his desire for his wife to have this cash, without physically handing the cash to her. But this case does not present the issue of whether a "manual gift" under C.C. art. 1539 can be validly accomplished by the donor stating donative words and the donee receiving from a third party's hand the thing susceptive of manual delivery. The necessity for the donor to physically hand the thing to the donee, although argued in the briefs, is not the basis for the decision in this case.

ON REHEARING
PER CURIAM.
We adhere to our original opinion and decree, but hand down this per curiam for the purpose of answering an alternative contention made by the appellant in her application for rehearing.
The alternative contention referred to is that appellant had issued a check in the amount of $3,000 out of the $6,639.97 in the checking account in the National Bank of Commerce (after she had changed that account from Mr. Palermo's name to hers); that this sum of $3,000 was in payment of some of decedent's medical expenses; and that, accordingly, $3,000 should be subtracted *1043 from the $25,180.98 which our decree adds to the succession assets.
In addition to a photostatic copy of the $3,000 check in question, the only evidence contained in the record relative to that check or its use is in the joint stipulation of fact. The copy of the check and the stipulation show and state only that the check was made payable to "cash", was cashed by Katherine C. Grivas (a sister-in-law of the decedent), and the only reference to medical expenses is a notation in the lower left corner of the check reading "For Medical expenses".
The notation referred to is self serving. As the record contains no evidence whatsoever that the $3,000 check was in fact used to pay decedent's medical expenses, and as the burden of making such proof was on the appellant, we cannot hold that the $3,000 was used as contended.
Accordingly, the application for a rehearing is denied.
APPLICATION FOR REHEARING DENIED.
NOTES
[1] Vercher v. Roy, 171 La. 524, 131 So. 658; Succession of Housknecht, 135 La. 818, 66 So. 233; Basco v. Central Bank & Trust Company, La.App., 231 So.2d 425; Succession of Grubbs, La.App., 170 So.2d 256; Bordelon v. Brown, La.App., 84 So.2d 867; Northcott v. Livingood, La.App., 10 So.2d 401.
[2] La., 340 So.2d 1309.
[3] Civil Code Articles 460, 474.
[4] We note that cash and checks have long been considered proper objects of a manual donation under Civil Code Article 1539. See Menard v. Muhs, La.App., 196 So.2d 536, and cases cited therein.