The judgment appealed from is therefore affirmed.

═══

(113 So. 766)

No. 28020.

### GIBSON et al. v. HEARN.

May 23, 1927. Rehearing Denied July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. Gifts ⊜9—Donations; money may be donated by manual gift.

Money may be validly donated by manual gift.

2. Gifts ⊜30(2)—Donations; where deceased's mother ordered deposit of insurance money in son's name as granddaughter's agent to effectuate gift to granddaughter, title vested in donee (Rev. Civ. Code, arts. 1539, 1541, 1546).

Where deceased's mother received insurance money as beneficiary, and to effectuate donation to granddaughter directed money to be withdrawn from bank and deposited in name of son as granddaughter's agent, title became vested in donee, in view of Rev. Civ. Code, arts. 1539, 1541, 1546.

3. Gifts ⊜34—Donations; condition that fund donated to granddaughter should draw interest until donee was 18 years old and then be used for her higher education will be enforced (Rev. Civ. Code, art. 1527).

Where deceased's mother, who was beneficiary under life policy, ordered insurance money deposited in son's name as granddaughter's agent to effectuate donation to granddaughter, on condition that fund should draw interest until donee reached age of 18, when accumulated funds should be used for her higher education, such condition will be enforced, in view of Rev. Civ. Code, art. 1527.

4. Appeal and error ⊜1116—Personal judgment would not be rendered against donee's agent, who deposited fund in personal account, in view of right of action for failure to comply with court's order.

Where grandmother, to effectuate gift to granddaughter, ordered fund deposited in son's name as granddaughter's agent, tutrix and co-tutor of granddaughter *held* not entitled, on appeal, to personal judgment against son, who deposited money to his personal account, in event he failed to redeposit fund as ordered by court, since they will have right of action for personal judgment if he fails to comply.

Appeal from Second Judicial District Court, Parish of Webster; John S. Richardson, Judge.

Suit by Mrs. Mary Stell Hearn Gibson, tutrix, and another against O. Joseph Hearn. Judgment for plaintiffs, defendant appeals, and plaintiffs answer the appeal. Affirmed.

Lee & Lindsey, of Minden, for appellant.

E. W. & P. N. Browne, of Shreveport, and Clifford E. Hays, of Minden, for appellees.

ROGERS, J. In the month of September, 1920, plaintiff married Arnold Carl Hearn. At the time of the marriage, Hearn was insured for $1,000, with double indemnity for accidental death, in the Indiana Life Insurance Company. The beneficiary designated in the policy was the insured's mother, Mrs. Susan J. Hearn. Arnold Carl Hearn was accidently killed in the month of July, 1921, and three weeks after his death plaintiff gave birth to a female child, Mary Arnold Hearn. A check for $2,000, the proceeds of the policy, was issued by the insurance company to the order of Mrs. Susan J. Hearn, the beneficiary who delivered it to her son, O. Joseph Hearn, to be deposited in bank. The deposit was made in the Planters' Bank of Haynesville. Subsequently it was withdrawn from that bank and redeposited in the First National Bank of Minden to the credit of "O. Joseph Hearn, Agent for Mary Arnold Hearn," in the form of a time deposit for twelve months, drawing 4¼ per cent. interest annually. The money remained on deposit in this manner for two years, until December 2, 1923, when it was withdrawn by O. J. Hearn and redeposited to the credit of "O. J. Hearn, Agent." On December 2, 1924, the fund was again withdrawn and placed to the credit of O. J. Hearn personally.

On July 22, 1922, plaintiff qualified as the natural tutrix of her minor daughter, Mary Arnold Hearn, and the said O. J. Hearn was appointed and qualified as undertutor to said minor.

On September 19, 1923, plaintiff married V. P. Gibson, and on February 1, 1926, she and her said husband as tutrix and cotutor, respectively, of the minor instituted this suit against O. Joseph Hearn to recover $2,184.05 as the property of the minor held by him and for $500 as attorney's fees. During the trial of the case, plaintiff also filed a plea of estoppel, which was overruled.

The judgment of the court below decreed the fund in question to belong to the minor, Mary Arnold Hearn, ordered defendant to redeposit it in the First National Bank of Minden, at interest, and not to be withdrawn until the minor shall reach 18 years of age, then to be used for her higher education, the withdrawals to be under the court's direction. The demand for attorney's fees was rejected. Defendant appealed, and plaintiffs have answered the appeal, asking that the judgment be amended so as to order in lieu of the redeposit of the fund that it be placed in the custody and under the control of the tutrix of the minor, and that, should defendant fail to redeposit the fund as ordered or to pay it over to the tutrix, plaintiffs have a personal judgment against the defendant for the full amount thereof, with interest.

Plaintiffs' action is grounded upon an alleged donation by manual gift by Mrs. Susan J. Hearn, the beneficiary, of the avails of the policy to the minor Mary Arnold Hearn. Their contention, which we think is established by the evidence, is that, shortly after the marriage of Mary Stell and Arnold Carl Hearn, she and her husband and his mother, the beneficiary, held a number of conferences with regard to the disposition of the proceeds of the policy, and it was decided that it was unnecessary to change the beneficiary, but, in case of the death of the insured, these proceeds would be turned over to his wife, if there were no children, and, if there were any children, the proceeds would be given to them; that, after the birth of her child, it was agreed by the mother and the widow of the insured and by his brother, defendant herein, that the avails of the policy were to be given to the child of the deceased by placing the fund to her credit in bank with interest until she was 18 years of age, when it was to be used for her higher education; that it was in furtherance of this agreement that the fund was withdrawn from the Haynesville Bank, where it had been placed by defendant who was handling the busi-

ness and affairs of his mother, and deposited in the First National Bank of Minden to the credit of "O. Joseph Hearn, Agent for Mary Arnold Hearn," in the form of a time deposit for twelve months, bearing 4¼ per cent. interest annually; that this method of handling the fund was adopted upon the advice of the cashier of the bank, the institution not being equipped with a trust department, with the intention of renewing the deposit every twelve months until the donee shall become 18 years of age, when it shall be withdrawn and used for the purpose stated.

It is further contended by plaintiffs that the certificate evidencing the first deposit was delivered by defendant to the mother of the minor, who, for safe-keeping, placed it in a trunk belonging to her mother-in-law. This is denied by defendant and his mother, who testified that the certificate was delivered to the latter. Whether defendant delivered the certificate to his sister-in-law or to his mother, it is certain they were fully aware of the method adopted in handling the transaction, and that neither of them objected thereto.

After her marriage to Arnold Carl Hearn, plaintiff, now Mrs. Gibson, and her husband resided with his mother and his brother, the defendant, on a farm lying north of the city of Minden. She continued to live with her husband's family after his death and until her marriage to Gibson. Her theory is, apparently, that, because they are displeased with her marriage, defendant and his mother have changed their benevolent intentions towards her daughter, and are now seeking to avoid the effect of the donation previously made to her.

There is no question here of the capacity of the donor to make, nor of the donee to receive, the donation.

The manual gift of corporeal moveable effects, accompanied by real delivery, is not subject to any formality. Civ. Code, art. 1539; Succession of Zacharie, 119 La. 150,. 43 So. 988.

In the case of a minor, not emancipated, the donation must be accepted by his tutor; nevertheless the parents of the minor, whether he be emancipated or not, and his other legitimate ancestors, even in the lifetime of the parents, and although they be not tutors to the donee, may accept for him. Civ. Code, art. 1546.

And if the donation has been executed by delivery, it has full effect, though not accepted in express terms. Civ. Code, art. 1541; Succession of Zacharie, supra.

[1] Money may be donated by manual gift. Succession of Hale, 26 La. Ann. 195. And in the Succession of Zacharie, supra, it was held to be an unconditional donation of money, where the decedent, a bachelor of means, caused a certain sum of money to be deposited in a savings bank to the credit of his two dependent sisters living with him, the delivery to the bank being a delivery to the donees, the donation becoming effective eo instante.

[2] All the facts of the case at bar bring it within the rule prescribed by the codal articles referred to and announced in the authorities cited. They clearly show an intention to give, consummated by a real delivery. The title of the money in the Haynesville Bank was undoubtedly in Mrs. Susan J. Hearn. When, however, in order to effectuate the donation to her granddaughter, she directed that it be withdrawn, and, with the consent of the donee's mother, deposited in the Minden bank in the name of the defendant as the "Agent for Mary Arnold Hearn," the title to the fund became vested in the donee. As in the Zacharie Case, the thing donated was money. The parties adopted the most expedient way of making the donation. But it was not ineffective on that account. It would have been an idle ceremony for defendant to have withdrawn the actual cash from the Haynesville Bank and de-

livered it to his mother, the donor, in order that she, in turn, might have given it to the donee, through her mother, to be by her redelivered to defendant, as her agent, for deposit by him in the Minden bank for account of her minor daughter.

[3] Our conclusion is, therefore, that the defendant was not authorized to withdraw from the bank the fund deposited to the credit of the minor, Mary Arnold Hearn, and to redeposit it to his personal account. However, the demand of plaintiffs that he be ordered to turn said fund over to the mother and tutrix of the donee cannot be granted. The donation was made upon condition that the fund should be deposited in bank, drawing interest, there to remain until the donee shall reach 18 years of age, when the accumulated fund, capital and interest, is to be withdrawn and used for her higher education. The donor may impose the condition. Civ. Code, art. 1527, provides:

"The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals."

There is nothing contrary to law or to good morals in the condition imposed upon the donee here. It was undoubtedly caused by the love of a mother for her son and his offspring. The desire of the donee to assure to her little granddaughter such an education as will better enable her to engage in the struggles and to meet the vicissitudes of this life is the obvious motive for the donation. The purpose is commendable and is in strict accordance with the spirit of our laws.

[4] Plaintiffs have asked also, in their answer to the appeal, for a personal judgment against defendant in the event he fails to redeposit the fund as ordered by the court. They will have their right of action for a judgment against him personally if he fails to promptly comply with this decree.

For the reasons assigned, the judgment appealed from is affirmed.