On Rehearing.
HAMITER, Justice.
In the brief of counsel for Mrs. Virginia McCrocklin Hewitt and Mrs. Hasseltine McCrocklin West (referred to as relators) on this rehearing the following is said: “As set forth in relators’ application for rehearing, it is their contention that the majority opinion was in error in two basic areas. First, it is respectfully contended that the majority erred in concluding that respondents had discharged their burden of proving the existence of a valid Power of Attorney, sufficiently specific by its terms to permit Jack S. McCrocklin, the alleged agent, to effect a valid manual donation of the property of the alleged principal, Mrs. Delia S. McCrocklin. Second, relators respectfully submit that the majority erred in concluding as a matter of fact and law that respondents had proved the consummation of a valid manual donation, in the light of the absence from the record of all of the essential elements of such a donation.”
Article 2996 of our Revised Civil Code provides the basis for the mentioned first complaint. It recites: “A mandate conceived in general terms, confers only a power of administration.
“If it be necessary to alienate or give a mortgage, or do any other act of ownership, the power must be express.”
That Jack S. McCrocklin was required to have an express power from his mother to donate was given recognition in the majority opinion on the original hearing when we stated that the “evidence convinces us that he was duly authorized to make delivery of the bonds as a donation to Margaret Virginia Johnson.” And we reiterate and reaffirm our conclusion that a meeting of such requirement was adequately established.
Jack McCrocklin testified that his mother, long prior to her death, “had requested that I give Ginger this Eight Thousand Dollars worth of bonds.” Of course, the effect of this testimony (even though styled hearsay in the dissenting opinions, it was admitted without objection) might be considered weak inasmuch as when elicited the person who made the request was not living. But it is corroborated by several substantial circumstances, the most important and strongest of which is the fact that such agent (a son of the intestate decedent) would benefit personally to the extent of one-fifth of the value of the disputed bonds (an amount in. excess ,of *423 $1000) if the alleged donation were ineffective. Among the other corroborating circumstances shown by the record are the following: Jack McCrocklin actively handled aU of his mother’s business affairs from the year 1935 to the date of her death on May 5, 1959. In November, 1958 he, as his mother’s agent, received the bonds in question from a bank in Shreveport and carried them to the Mansfield bank for safe keeping. An official of the latter institution testified without objection that on December 22, 1958 (at an unsuspicious time) the agent told him that the mother wanted to give the bonds to Ginger. Another son of the decedent, Tom Mc-Crocklin, did not join relators in attacking (nor does it appear that he has ever protested) the gift.
It is true that in confecting the donation Jack McCrocklin deposited the bonds in the names of Ginger Johnson and her mother, Margaret Johnson; and, further, that later (after the passing of decedent) he arranged for and accomplished the sale of two of the bonds and the pledging of the remaining six to secure a loan. However, each of these transactions is satisfactorily explained.
The name of Margaret Johnson, who lived in Mansfield, was placed on the deposit slip (along with Ginger’s) at the suggestion of a bank official. He pointed out that something might happen to Ginger (she was then working in New Orleans) and that some one else’s name should also be listed.
With reference to the other transaction, Margaret Johnson (Ginger’s mother) had undergone an operation and was without funds to pay the hospital and other expenses. To provide for these, and with Ginger’s permission, Jack McCrocklin arranged with the Mansfield bank to sell two of the bonds. Pending the consummation of this sale, and inasmuch as the funds were needed immediately, the bank official loaned him $1700 on a note secured by a pledge of the remaining six bonds. This money was then deposited in the account of Margaret Johnson, and it was used by her in paying the expenses of her illness. When the proceeds of the mentioned sale were received later the previously made loan was paid in its entirety therewith.
The cases cited in the brief of relators’ counsel on this rehearing do not militate against our above announced conclusion. They stand for the proposition, at the most, that the uncorroborated testimony of an alleged agent is not sufficient to prove his agency relationship. Here the testimony of decedent’s agent is amply supported by substantial, corroborative circumstances.
Relators’ second complaint above quoted is grounded on the contention that there was no proof of real delivery of the bonds to the donee within the intendment of *425 the Revised Civil Code. On December 22, 1958, as before shown, the bonds were deposited with the Mansfield bank in the names of Ginger and Margaret Johnson. According to the record Ginger was notified of this deposit in the latter part of January, 1959; and during the following month (while on a short visit to Mansfield and prior to the death of decedent) she, together with Margaret Johnson, signed a document acknowledging receipt of the bonds “from Jack McCrocklin, Power of Attorney, for Mrs. Delia McCrocklin”, they being particularly described therein by their respective numbers. These circumstances, in our opinion, were sufficient to satisfy the codal requirements relative to delivery and acceptance of the gift. See Succession of Zacharie, 119 La. 150, 43 So. 988 and Gibson et al. v. Hearn, 164 La. 65, 113 So. 766.
For the reasons assigned the judgment rendered herein on the original hearing is now reinstated and made the final decree of this court.
FOURNET, C. J., concurs for the reasons assigned when the case was originally before us.
McCALEB, HAMLIN and HAWTHORNE, JJ., dissent with written reasons.