301 So.2d 417 (1974)
Joyce Reynolds ALLEN, Plaintiff-Appellee,
v.
Jack H. ALLEN, Defendant-Appellant.
No. 12420.
Court of Appeal of Louisiana, Second Circuit.
October 1, 1974.
Jones, Blackwell, Chambliss, Hobbs & Henry, by Sam O. Henry, III, West Monroe, for defendant-appellant.
Davenport, Files & Kelly, by Thomas W. Davenport, Jr., Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
HALL, Judge.
The issue presented by this appeal is whether two savings accounts in a savings and loan association in California are assets of the community of acquets and gains formerly existing between Jack H. Allen and Joyce Reynolds Allen, now divorced, or whether the accounts are owned by their children through donations to the children made over a period of years. Relator-appellant, Jack H. Allen, appeals from a judgment of the district court rendered on a rule to traverse an inventory of community property filed in a partition proceeding, which judgment held the accounts are owned by the children by virtue of manual gifts from their parents.
In 1963, Mr. and Mrs. Allen had a savings account in First Federal Savings & Loan Association in Monroe with a balance of over $700. They were advised of the tax advantages of putting savings in *418 the children's names and reporting the income therefrom separately. The account at First Federal was closed out and a check issued to Mr. and Mrs. Allen for the balance, which was deposited in their checking account in a Monroe bank. A few days thereafter, two accounts were opened in the State Mutual Savings & Loan Association in California in the names "Mr. or Mrs. Jack H. Allen as guardian of the estate of Jacqueline Melinda Allen" and "Mr. or Mrs. Jack H. Allen as guardian of the estate of Robin Leslie Allen" and funds were deposited therein by Mr. and Mrs. Allen. Either Mr. or Mrs. Allen had the authority to make withdrawals.
Through the years thereafter, additional funds were deposited in the accounts by Mr. and Mrs. Allen from their earnings and on one occasion from money repaid to Mr. Allen on a loan previously made to his sister. There was some shifting of the funds on deposit from one type of certificate or account to another, but always with State Mutual. In about 1968, the names of the accounts were changed to Mrs. Joyce R. Allen, custodian for Jacqueline Melinda Allen and Robin Leslie Allen under the Louisiana Uniform Gifts to Minors Act. Only Mrs. Allen had authority to make withdrawals from the accounts. Separate income tax returns were filed in the children's names for 1969, showing interest income from each account of over $700, this being the only year income was sufficient to require the filing of a return under federal tax law and regulations. Mr. Allen testified the primary reason for having the accounts in the children's names was for tax purposes and Mrs. Allen testified the primary reason was to build a fund for the children's education.
Although the accounts were carried in the names of both parents as guardians and then in the name of Mrs. Allen as custodian, the provisions of the Louisiana Gifts to Minors Act, LSA-R.S. 9:735-9:742, were never complied with in that no deed of gift was ever signed.
The district court held the accounts are owned by the children and are not assets of the former community, the funds having been donated to the children by manual gift pursuant to C.C. Art. 1539. Appellant contends there was no effective donation because the funds were not irrevocably vested in the donees as required by C.C. Art. 1468 since the parents retained control and the right to withdraw the funds. Appellant further contends the accounts are incorporeal rights which cannot be the subject of a manual gift but require authentic acts under C.C. Arts. 1536 and 1538, citing Succession of Grubbs, 170 So.2d 256 (La.App.2d Cir. 1964) writ refused, 247 La. 409, 171 So.2d 666; Basco v. Central Bank, 231 So.2d 425 (La.App.3d Cir. 1970); Succession of Dykes, 258 So.2d 606 (La.App.1st Cir. 1972) writ refused 261 La. 533, 260 So.2d 319; Gibson v. Hearne, 164 La. 65, 113 So. 766 (1927). Appellee contends there were effective donations of money by manual gift, citing Gibson v. Hearne, supra.
Pertinent to the issue presented are the following articles of the Civil Code:
"Art. 1468. A donation inter vivos (between living persons) is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it."
"Art. 1536. An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity."
"Art. 1538. A donation inter vivos, even of movable effects, will not be valid, unless an act be passed of the same, as is before prescribed.
"Such an act ought to contain a detailed estimate of the effects given."
"Art. 1539. The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."

*419 "Art. 1541. Yet, if the donation has been executed, that is, if the donee has been put by the donor into corporeal possession of the effects given, the donation, though not accepted in express terms, has full effect."
"Art. 1546. A donation made to a minor, not emancipated, must be accepted by his tutor.
"Nevertheless, either parent of the minor, or any ascendant of the minor, whether the minor is emancipated or not, or the tutor of the minor, may accept the donation for the minor whether such parent or ascendant is the donor, or the tutor of the minor or both. And a donation to be held in trust for the minor may be accepted by the trustee alone."
In Gibson, supra, the court held that a deposit by the donor into a bank account in the name of an agent for a minor donee was a donation of money, accompanied by a real delivery, and constituted a donation by manual gift. Money is a corporeal movable, and may be donated by manual gift. See also Succession of Zacharie, 119 La. 150, 43 So. 988 (1907) and Succession of Hale, 26 La.Ann. 195 (1874).
In the instant case, as in Gibson, the gifts were of money, accompanied by real delivery through deposit of the money in savings accounts in the name of a fiduciary for the minors.
The donors' intent to make irrevocable donations of the funds deposited into the accounts is manifest from the evidence. Appellant's own testimony was that this was done for tax purposes, which necessarily presupposes an irrevocable gift to lawfully receive the tax advantage of separate income. The accounts were continuously carried in the names of fiduciaries for the named minors. The permanent and irrevocable nature of the donations is further demonstrated by the fact that no funds were ever withdrawn in the more than ten years since the initial donations were made.
The only factor weighing against the irrevocability of the donations is that both parents at first and then one parent had the right to make withdrawals and to that extent retained control of the funds. However, the donees are minors and someone had to act for themlogically, the parents.
The cases cited by appellant deserve careful consideration. In Succession of Grubbs, supra, a husband deposited $10,000 in a savings account in the name of his wife. Withdrawals could be made by either the husband or wife. This court held there was not an effective donation because the husband attempted to transfer a savings account, an incorporeal immovable, without complying with C.C. Art. 1468 and because he retained the power of withdrawal. Grubbs is distinguishable from the instant case for two reasons. First, under the authority of Gibson v. Hearne we hold the gifts here were of money, a corporeal movable, not gifts of the accounts into which the money was deposited. Secondly, here the donees were minors and necessarily the authority to withdraw needed to be vested in someone, which was not the situation in Grubbs.
In Basco, supra, Louis Basco opened a savings account in the name of "Joseph Basco, by Louis Basco". Louis had the sole right to make withdrawals. The court held the account was an incorporeal movable and since there was no compliance with C.C. Art. 1536 there was no valid donation to Joseph Basco. This case is distinguished from the instant case for the same reasons as stated above in connection with the Grubbs case.
In Succession of Dykes, supra, the accounts were opened by W. H. Dykes in the name of "W. H. Dykes or W. E. Dykes". The court held that conceding a donative intent, there was never a real delivery of the funds on deposit since W. H. Dykes remained the owner thereof and retained power of control and withdrawal until his death. In the instant case, the accounts were in the names of the donors only in a *420 fiduciary capacity and their control was in the same capacity.
The accounts in question represent money donated to the children through manual gifts and are not assets of the community formerly existing between the divorced parents.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.
BOLIN, J., dissents and assigns written reasons.
BOLIN, Judge (dissenting).
I think the majority opinion is contrary to our holding in Succession of Grubbs, 170 So.2d 256 (La.App.2d Cir. 1964). For this reason I respectfully dissent.