411 So.2d 1183 (1982)
Aud BERGERON
v.
Patrick BERGERON.
No. 12352.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Rehearing Denied April 16, 1982.
*1184 Gordon Hackman, Boutte, for plaintiff-appellee.
Steven F. Griffith, Sr., Destrehan, for defendant-appellant.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
Defendant, Patrick Bergeron, appeals a district court decision in favor of plaintiff, Aud Bergeron, wife of Patrick Bergeron (on behalf of her minor son, Chris), and against the defendant declaring that certain funds on deposit at American Bank of St. Charles Parish (totaling approximately $11,607.95) are the property of the minor, Chris Bergeron, and further holding that none of these monies is the separate property of Patrick Bergeron.
The judgment also decreed that it should be served upon the American Bank, which was ordered to make appropriate banking entries so that Chris Bergeron will have access to these funds at the time he reaches 18 years of age.
The record reflects that the plaintiff was formerly married to the defendant and the minor, Chris Bergeron, is their son. Mrs. Bergeron filed for legal separation on February 2, 1971 and obtained a legal separation in April of 1971. The plaintiff subsequently filed for divorce on July 9, 1973 and judgment was rendered on September 17, 1973, however, it neglected to rule that the plaintiff had also proved the allegations necessary for a final divorce. Therefore, such divorce was granted in favor of Aud Bergeron in a supplemental judgment on June 21, 1979.
On May 10, 1979, the plaintiff was recognized as natural tutrix of her child by the court and a temporary restraining order was issued against the American Bank's disposing of the monies in the subject bank account without further orders from the court. On January 28, 1980, the defendant moved to have the court order the subject funds deposited with American Bank withdrawn and placed in her name.
The passbook issued in connection with the subject account at the time it was opened lists the account with "Chris M. Bergeron Minor of Patrick J. Bergeron." The first deposit is shown as $500 and is dated May 8, 1973. Another deposit dated March 6, 1974 is listed as $8,604.21. With the exception of notations of interest, there was no activity in the form of deposits or withdrawals after that date. Also exhibited in the case were statements of the savings account under the name "Chris M. BergeronMinor or Patrick J. Bergeron," which the defendant testified were regularly sent to him in Michigan, his current home at the time of trial. The signature card also was filled out under the name of "Chris M. Bergeron, minor of Patrick J. Bergeron," and the type of account checked on that card was "minor" rather than "individual" or "joint."
It was stipulated by the parties that on February 14, 1974 a motion and order was signed by the court to vacate a previous injunction thereby allowing the parties to sell the community home.
Mrs. Bergeron stated that after the sale of the house she used her half of the proceeds to buy a trailer and she accompanied Patrick Bergeron to the bank where he deposited his share of the money, stating that it was for Chris' education and giving custody of the passbook to Mrs. Bergeron.
Patrick Bergeron testified that although he placed his funds from the sale of the *1185 community home in the account he did not intend to make a donation of the money to Chris at that time. He stated he did intend to make the donation at some future time if the child went to college, and he added he has been paying taxes on the interest earned in the account, although no proof of such was offered at trial. He said he placed the child's name on the account along with his own so that he, rather than the plaintiff, would receive the money in the event of the defendant's death. He said he also received periodic statements from the bank on the account and he was the only person authorized to make withdrawals. He admitted, however, that the plaintiff always retained custody of the passbook until June of the year before the trial, when he secured a duplicate.
Obviously it was a finding of fact on the part of the trial court judge that the defendant intended to donate the monies in the subject account to his son at the times he made the 1973 and 1974 deposits.
The validity and irrevocability of such an intended donation was addressed by the court in Allen v. Allen, 301 So.2d 417 (La. App. 2d Cir. 1974). In that case Mr. and Mrs. Allen had a savings account with a balance of over $700. The account was closed out and a few days later two accounts were opened in the names "Mr. or Mrs. Jack H. Allen as guardian of the estate of Jacqueline Melinda Allen" and "Mr. or Mrs. Jack H. Allen as guardian of the estate of Robin Leslie Allen," and funds were deposited therein by Mr. and Mrs. Allen. Either Mr. or Mrs. Allen had the authority to make withdrawals.
Over the years there were deposits made to the accounts by Mr. and Mrs. Allen from their earnings. Later the names on the accounts were changed to Mrs. Joyce R. Allen, custodian for Jacqueline Melinda Allen and Robin Leslie Allen under the Louisiana Uniform Gifts to Minors Act, and separate income tax returns were filed in the children's names showing interest income on the accounts. Mr. and Mrs. Allen testified the reasons for maintaining the accounts in the children's names were for tax purposes and to build a fund for the children's education. The appellant contended that there was no effective donation because the funds were not irrevocably vested in the donees as required by LSA-C.C. art. 1468, since the parents retained control and the right to withdraw funds. He also contended accounts are incorporeal rights which cannot be the subject of a manual gift but require authentic acts under LSA-C.C. art. 1536 as well as Succession of Grubbs, 170 So.2d 256 (La.App. 2d Cir. 1964), writ refused, 247 La. 409, 171 So.2d 666 (1965); Basco v. Central Bank & Trust Company, 231 So.2d 425 (La.App. 3d Cir. 1970); Succession of Dykes, 258 So.2d 606 (La.App. 1st Cir. 1972), writ refused, 261 La. 535, 260 So.2d 319 (La.1972); and Gibson v. Hearne, 164 La. 65, 113 So. 766 (La.1927).
In holding that the accounts were owned by the children and not assets of the former community of their parents, the court in the Allen case said:
"Pertinent to the issue presented are the following articles of the Civil Code:
`Art. 1468. A donation inter vivos (between living persons) is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it.'
`Art. 1536. An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.'
`Art. 1538. A donation inter vivos, even of movable effects, will not be valid, unless an act be passed of the same, as is before prescribed.
`Such an act ought to contain a detailed estimate of the effects given.'
`Art. 1539. The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality.'
`Art. 1541. Yet, if the donation has been executed, that is, if the donee has been put by the donor into corporeal *1186 possession of the effects given, the donation, though not accepted in express terms, has full effect.'
`Art. 1546. A donation made to a minor, not emancipated, must be accepted by his tutor.
`Nevertheless, either parent of the minor, or any ascendant of the minor, whether the minor is emancipated or not, or the tutor of the minor, may accept the donation for the minor whether such parent or ascendant is the donor, or the tutor of the minor or both. And a donation to be held in trust for the minor may be accepted by the trustee alone.'
"In Gibson, supra, the court held that a deposit by the donor into a bank account in the name of an agent for a minor donee was a donation of money, accompanied by a real delivery, and constituted a donation by manual gift. Money is a corporeal movable, and may be donated by manual gift. See also Succession of Zacharie, 119 La. 150, 43 So. 988 (1907) and Succession of Hale, 26 La.Ann. 195 (1874).
"In the instant case, as in Gibson, the gifts were of money, accompanied by real delivery through deposit of the money in savings accounts in the name of a fiduciary for the minors.
"The donors' intent to make irrevocable donations of the funds deposited into the accounts is manifest from the evidence. Appellant's own testimony was that this was done for tax purposes, which necessarily presupposes an irrevocable gift to lawfully receive the tax advantage of separate income. The accounts were continuously carried in the names of fiduciaries for the named minors. The permanent and irrevocable nature of the donations is further demonstrated by the fact that no funds were ever withdrawn in the more than ten years since the initial donations were made.
"The only factor weighing against the irrevocability of the donations is that both parents at first and then one parent had the right to make withdrawals and to that extent retained control of the funds. However, the donees are minors and someone had to act for themlogically, the parents." 301 So.2d at 418-419.
We find Allen v. Allen, supra, however, distinguishable on the facts from the present case because Patrick Bergeron retained total control of the monies in the account and there is also serious question as to whether he intended to divest himself irrevocably of these funds when he placed them in his son's name. Rather, his intent to donate at the time of the deposits and the opening of the account appears limited to a conditional one. In fact, the money had remained so much in the control and possession of the alleged donor, Patrick Bergeron, the trial judge found it necessary to serve the bank with a copy of the judgment and order it to make an appropriate banking entry so that the child could receive the funds at the time he reached 18 years of age. In the absence of such an order, the bank could not release the funds to the child or to the mother. It could only release them to the father.
A donation inter vivos is an act by which the donor divests himself, at present and irrevocably, of the thing given in favor of the donee who accepts it. LSA-C.C. art. 1468. Under our law such a donation must meet strict form requirements. LSA-C.C. art. 1467. As to the donation of an immovable or movable, corporeal or incorporeal, the general rule is the donation must be made by an act passed before a notary and two witnesses. LSA-C.C. arts. 1536 and 1538. A codal exception to this general rule is LSA-C.C. art. 1539, which provides as follows:
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality." (Emphasis added.)
Even if Patrick Bergeron intended to make a manual gift, the donation would be defective as to form because there was no transfer or delivery of the funds to the minor. The only person who had signed the signature card and, hence, the only one who could withdraw the funds from the account *1187 was Patrick Bergeron. The funds were not given to the child or to Mrs. Bergeron by a manual delivery. They were deposited into the account by the donor, Patrick Bergeron. Neither the child nor his mother, into whose custody he had been placed by the court, could withdraw funds from the account. Only Patrick Bergeron could withdraw the funds. For this to have been a manual donation in the present case someone other than the donor would have to have the power to withdraw and control the funds in the account.
A donee of a manual gift must also show by strong and convincing proof that the donor had the intent to presently and irrevocably divest himself of the thing and that real delivery was made. Here the alleged donor denies he intended to make a donation. The account bore his social security number, hence, the interest earnings were reported to the Internal Revenue Service as belonging to him. His testimony that he paid the income taxes on the account is uncontradicted and since he alone signed the signature card, only he in his individual capacity could withdraw funds from the account. Additionally, the account statements forwarded by the bank to the father-donor showed the account as "Chris M. BergeronMinor or Patrick J. Bergeron."
The only evidence which could possibly support the conclusion the father made a manual delivery of the funds to the child is the wife's testimony. Even her testimony is suspect because although she contended the account was opened in her presence right after the sale of the community house (and her presence at the time the account was opened was the basis for her contention that her husband intended the account to be the account of the minor) when it was shown the account was opened long before the sale of the community house she had to admit her prior testimony was in error. Additionally, in his deposition taken after the trial at the judge's request, the bank's representative said:
"Q Mr. Rodrigue, is it not true that as far as the bank is concerned and their procedures and law as you understand it that the minor cannot in and of itself have an account?
"A Yes, that is true. Let me clarify that. The minor can have an account.
"Q Oh.
"A However, the minor has no control over the account. Okay?
"Q Okay, if the minor were intended to be able to withdraw funds is it not the procedure of the bank to let him sign the signature card as well?
"A Right. Normally but however, the minor's account, the minor cannot withdraw any money unless we have the authorizing signature, some guardian or someone over 18, of majority, to sign with him.
"Q Is it not the procedure of the bank when money is put for the account of the minor to title it or style it in such a way to show the minor's name plus someone else's signature such as a guardian or a tutor?
"A Yes.
"Q The only person who has the authority to withdraw this money according to the records that you have brought with you is Patrick J. Bergeron; is that correct?
"A That is correct."
According to the bank representative, therefore, under its procedure the bank desiring to open a minor's account would not normally entitle it "Chris M. Bergeron Minor of Patrick J. Bergeron," but rather would open it as a custodian or tutrix account similar to that involved in Allen v. Allen, supra.
Moreover, in spite of the holding in the Allen case, this court is bound by its previous decisions in cases of this sort, which we see no reason to overrule, and we are also bound by the ruling of the Supreme Court in Broussard v. Broussard, 340 So.2d 1309 (La.1976).
In the Broussard case, the husband used his separate funds to purchase certificates *1188 of deposit in his and his wife's names, jointly, and he later cashed these in to purchase savings certificates in both their names. Mrs. Broussard contended that the purchase in both their names was a constructive delivery to her of one-half of the cash; however, the court held that absent an actual withdrawal and delivery of the funds to her, no manual gift or donation to her was effected.
In Succession of Palermo, 359 So.2d 1040 (La.App. 4th Cir. 1978), this court also held, following the Broussard decision, that funds in a joint savings account (even when a decedent indicated for several years prior to his death he desired his wife to have them and gave her the passbooks) were not effectively donated to her when she withdrew the funds several days prior to the decedent's death. The court held that such accounts were incorporeal rights which could only be the object of a donation executed before a notary and two witnesses.
Similarly, in the present case, we hold that the deposit of the funds in the subject account did not effect delivery of those monies to the defendant's child, even though the account was styled in his name.
For the reasons assigned, therefore, the district court judgment is reversed and the subject funds on deposit at American Bank of St. Charles Parish are declared the property of the defendant Patrick J. Bergeron. Each party is to bear his own costs in these proceedings.
REVERSED AND RENDERED.