WILLIAMS, Judge.
Plaintiffs, Mabel Williams and her heirs, filed suit against several defendants seeking a partition of a tract of land in Plaque-mines Parish. Plaintiffs’ petition alleges that Mabel Williams owns an undivided two-thirds interest in the property with defendants owning the remaining one-third. Defendants answered, claiming that plaintiffs owned no interest in the property but that defendant owned the property in its entirety. The defendants set forth their chain of title and prayed to be declared owners of the property.
Subsequent to defendants’ answer plaintiffs moved for an order designating the answer to be a reconventional demand in the nature of a petitory action since it *632 contained a prayer for affirmative relief. Plaintiffs claimed that defendants had filed a petitory action and had therefore confessed possession to be in the plaintiffs. Various other pleadings were filed.
In pre-trial conference the parties limited the issue of fact to be decided by the trial judge to the defendants’ claim of 30 years acquisitive prescription. At trial, the court rendered a judgment declaring plaintiffs owners of two-thirds of the property at issue and defendants as owners of one-third.
Both parties acknowledge that the judgment of the trial court was not responsive to the pleadings because the original petition requested a partition in kind. Despite this fact, the parties proceeded as if the sole issue was one of title and the trial judge’s determination regarding title is the question before this court.
With title at issue the following chain of events is pertinent:
1.) On July 21,1923, the subject property was purchased by Josephine Williams, wife of Henry Augustus, at a tax sale in Plaquemines Parish.
2.) On September 14, 1928, Josephine Williams sold the property to her mother, Catherine Marshall, widow of Bailey Williams, by an act executed before Lelia L. Dubuch, Notary Public, registered in C.O.B. 66, folio 291.
3.) On September 21, 1928, Catherine Marshall executed an Act of Donation executed before Lelia Dubuch, Notary Public, conveying unto her three children, Mabel Williams, Josephine Williams, wife of Henry Augustus, and Harry Johnson, Jr., the said Property in the proportions of an undivided one-third interest therein to each. This act was registered in C.O.B. 66, folio 318.
4.) Harry Johnson, Jr., died. His succession was completed in Plaquemines Parish and a Judgment of Possession was rendered by the Twenty-Fifth Judicial District Court in matter number 2549 placing Catherine Marshall in possession of his undivided one-third interest in and to said Property. This judgment was registered in C.O.B. 141, folio 664.
5.) By sale dated June 26, 1951, executed before Lelia L. Dubuch, Notary Public, Catherine Marshall sold to Mabel Williams her undivided one-third interest in and to the Property. This act was registered in C.O.B. 154, folio 487, of the records of Plaquemines Parish.
Plaintiffs contend that each of the outlined conveyances are valid and legal resulting in Mabel Williams and her heirs owning an undivided two-thirds interest with Josephine Williams and her heirs owning the remaining one-third. Defendants, however, attack the validity of this chain of title, claiming that Josephine Williams was married to and living with Henry Augustus when she acquired the property at tax sale in 1923 and when she later conveyed the property to her mother. Defendants contend, therefore, that the property was part of the community since the acquisition contains no recitations of paraphernality and Henry Augustus did not join in the sale; consequently, they argue, the sale was a complete nullity and no title was ever conveyed to Catherine or her heirs. Defendants claim that as a result of this nullity, the property was owned entirely by defendants as sole heirs of Josephine Williams at time of suit and plaintiffs had no interest in the property.
Defendants contend that the property was part of the community between Josephine and Henry since property acquired during the marriage is presumed to be community absent a declaration of para-phernality. At trial plaintiffs introduced evidence that the money Josephine used for the purchase was the result of a donation from her mother. The evidence presented was an entry in an attorney’s ledger. The entry read:
Bought in property at tax sale in name of daughter. Paid Sheriff in full for purchase price
Rec’d. from Catherine Marshall amt. pd. Sheriff.
Catherine Marshall pd. on acct. bal. due for fee 8.25
A copy of the entry was attached as an exhibit to the deposition of Oliver Livau-dais, Jr. The deposition was admitted into *633 evidence. Mr. Livaudais, Jr. is the son of the attorney who handled the transaction, Oliver Livaudais, Sr., now deceased. Mr. Livaudais, Jr. identified his father’s ledger book and the aforementioned entry.
The admissability of the record is objected to by defendants on the basis that it was irrelevant, immaterial and hearsay. The record was not irrelevant, or immaterial. If it were admissable, the record would establish the separate nature of the property since Josephine’s acquisition of the property would be the result of a payment on account by Catherine to acquire property in the name of Josephine Williams.
In respect to defendants’ allegation that the journal entries are hearsay, it is necessary to examine the business records exception to the hearsay rule.
Hearsay evidence is generally inad-missable as being unreliable because it is based on statements by persons not before the court or unavailable for cross examination. The business records exception to the hearsay rule is predicated upon considerations of reliability and necessity. Herlitz Construction Co. v. Clegg Concrete, Inc., 378 So.2d 1002 (La.App. 1st Cir.1979). Business records are admissable as proof of their assertions if: 1) Persons concerned with recording the information are unavailable for testimony; 2) The first collected record available to or usable by the court is introduced; 3) The records are identified at the trial by one familiar with the record keeping procedure; and 4) The evidence seems reliable after considering such factors as contemporaneousness of the entry with the occurrence of fact recorded; first-hand knowledge of the entrant; existence of a business or professional duty to record or report the facts in the regular course of business; completeness and honest appearance of the books; absence of fraud in making the entries or in destroying the supporting memoranda and perhaps, whether the books belonged to a third party. Comment, 21 La. L. Rev. 449 (1961) and cases cited therein.
The record at issue meets the requirements of the business records exception. The record was kept by the attorney in his office during his regular course of business. The identification of the record and the practice and procedures of the law offices of Mr. Livaudais, Sr. were established by his son who had worked in his father’s office. We find that the records are admissable as records of a disinterested party to the transaction in the course of a professional duty contemporaneous with the transaction in question.
Property acquired by individual donation to a spouse is the separate property of the donee spouse. La. Civ.Code art. 2341. The question before the trial judge was whether the payment of the money towards the purchase of the property in Josephine’s name constituted a donation of the property to Josephine. The trial court determined that two-thirds of the tract belonged to Mabel Williams and her heirs and one-third to the heirs of Josephine Williams. It is apparent from this division of the property interest that the trial judge concluded that an act of donation took place when the property was put in Josephine’s name but Catherine paid for it. The trial judge’s’ decision recognizes the status of the property as Josephine’s separate property and is consistent with the transactions which followed thereafter.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
SCHOTT, J., dissents with reasons.