522 So.2d 1356 (1988)
George F. HAMILTON, Plaintiff/Appellant,
v.
Brandis L. White HAMILTON, Defendant/Appellee.
No. 19508-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1988.
*1357 William A. Hargiss, Monroe, for plaintiff/appellant.
Shotwell, Brown & Sperry by Burt W. Sperry, Monroe, for defendant/appellee.
Before HALL, C.J., and MARVIN and NORRIS, JJ.
HALL, Chief Judge.
Plaintiff George F. Hamilton filed suit against his wife Brandis L. White Hamilton to set aside the sale to her of an undivided one-half interest in a house which was his separate property on the basis of lesion beyond moiety. Mrs. Hamilton answered alleging that the sale was a donation not subject to lesion and reconvened for damages to an automobile which plaintiff refused to repair. The trial court determined that Mr. Hamilton intended to donate the property to his wife, that the automobile was community property, and denied both parties the relief requested. From this judgment Mr. Hamilton has appealed and Mrs. Hamilton answered, seeking reversal of the trial court's determinations. For the reasons which follow, we affirm.

I.
On January 30, 1981 plaintiff bought the property in question for $9,000 by deed in which he declared, and his wife acknowledged, that the property was his separate property. Plaintiff conveyed an undivided one-half interest in the property to his wife by a document entitled "Cash Sale Deed" on September 9, 1982. The deed provides in part:
This sale is made for the consideration of the sum of ($4,500.00) Four Thousand Five Hundred and no/100____Dollars cash in hand paid, the receipt of which is hereby acknowledged, represented by the use of community funds for necessary repairs and renovations to the above described property....
At trial, neither party objected to the use of parol evidence in explaining what the stated consideration meant in the authentic act.
Plaintiff testified that "represented by the use of community funds for necessary repairs and renovations" meant that each party had agreed to pay half of the $4,500 needed to renovate the residence as per a contract with a contractor. Plaintiff stated that he paid over $3,000 and that Mrs.
*1358 Hamilton paid at least half the amount stated in the deed from her funds for the renovations.
Plaintiff introduced evidence establishing that the value of the property at the time of sale to his wife was in excess of $20,000. He contends that the amount actually paid by his wife was less than one-half the value of the undivided one-half interest thereby rendering the sale subject to rescission for lesion.
Mrs. Hamilton testified that she never paid any money to plaintiff in connection with the acquisition of the property. She takes the position that the purported sale was a donation used to encourage her to move back to him since they were physically separated at the time of the sale.
A sale is a commutative contract in which equivalents are supposed to be given and received. Former LSA-C.C. Art. 1860; Rogers v. Read, 355 So.2d 46 (La. App. 2d Cir.1978). When the price is less than one-half the value of the object given, the vendor is presumed to be in error and one element of a valid sale, consent, is vitiated. LSA-C.C. Art. 2589; Rogers v. Read, supra. This presumption of error is so strong and conclusive that even if the vendor should know and expressly declare he knows the value of the property exceeds twice the price received, and should even declare that it is his purpose to give the purchaser the surplus of the thing's value over the price received and that he expressly abandons the right to rescind the sale, nevertheless the law still gives him that right. LSA-C.C. Art. 2589; Blaize v. Cazezu, 210 La. 176, 26 So.2d 689 (1946); Rogers v. Read, supra.
A donation inter vivos is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it. LSA-C.C. Art. 1468; Bergeron v. Bergeron, 411 So. 2d 1183 (La.App. 4th Cir.1982).
It is well settled that an instrument which purports to be a sale of immovables but which fails to satisfy the legal requirements as such, may nevertheless suffice as a donation inter vivos if the required formalities are met. Succession of Daste, 254 La. 403, 223 So.2d 848 (1969); Stevens v. Stevens, 476 So.2d 883 (La.App.2d Cir.1985) writ denied 478 So.2d 908 (La.1985).
We recognize that underlying every act of man there may be a complexity of motives but the true intent of the parties may be inferred from the facts and circumstances surrounding the act. The transfer from Mr. Hamilton to his wife was not a sale but a donation to which the lesion articles do not apply.
The record reveals that the parties were having marital difficulties prior to the transfer to Mrs. Hamilton. The parties had been living separate and apart for approximately six months. Mr. Hamilton wrote a letter to Mrs. Hamilton requesting that she return to him. He stated that he would deed forty-five percent of his property to her, make out a new will leaving everything to her, and would put his burial insurance policy in her name. He further stated that he had put plywood in the garage so that she would have a nice place to keep her car.
Mrs. Hamilton testified that plaintiff stated that if she would come back he would "put the house half in [her] name and [she] won't ever have to leave it again." She stated that she knew nothing about "fixing up the house" being added to the deed. Mrs. Hamilton further testified that she told plaintiff she would not come back to the house unless it was fixed up and that Mr. Hamilton agreed to give her $3,000 for that purpose. She stated that she agreed to pay the excess over that amount.
Both parties testified that the $4,500 recited in the deed was not paid at the time of execution of the document even though the instrument stated that it was in fact paid. Plaintiff contends that Mrs. Hamilton later paid her half of the consideration since she paid the excess amount over the $3,000 for repairs and renovations, thereby transforming the transaction into a sale with a lesionary price.
The terms of the contract are ambiguous and each party contends that the other *1359 prepared the document. It is clear that the recited consideration of $4,500 was not paid by Mrs. Hamilton to Mr. Hamilton. After considering all the facts and circumstances surrounding the transfer we find that Mr. Hamilton intended to donate the one-half interest in the property to Mrs. Hamilton and they both agreed to repair and renovate it.
The trial court did not err in finding that the purported sale was in fact a donation to Mrs. Hamilton and since the formalities have been satisfied it will be upheld as such. Mr. Hamilton is not entitled to rescission.

II.
Mrs. Hamilton reconvened for damages to an automobile which she alleges was her separate property. Mr. Hamilton drove the automobile to visit her while she was in the hospital in Winnsboro, Louisiana. During this trip Mr. Hamilton was involved in an accident causing damages to the vehicle. Mrs. Hamilton paid for the repair of the vehicle and now seeks reimbursement.
Unless judicially separated, spouses may not sue each other except for causes of action arising out of a contract or the provisions of Title VI, Book III of the Civil Code; restitution of separate property; for divorce, separation from bed and board, and causes of action pertaining to the custody of a child or alimony for his support while the spouses are living separate and apart, although not judicially separated. LSA-R.S. 9:291. Interspousal immunity exists to maintain domestic tranquility and promote stability of the family unit. Smith v. Southern Farm Bureau Casualty Insurance Co., 247 La. 695, 174 So.2d 122 (1965).
Mrs. Hamilton's action is not based upon restitution of separate property nor any other exception expressed in LSA-R.S. 9:291, but is an action for damages arising out of tort. Accordingly, Mrs. Hamilton may not bring this action unless judicially separated or upon termination of the marriage.
The judgment of the district court is therefore affirmed.
Affirmed.