JiCOOKS, Judge.
This dispute between a divorced couple, Frances and Randall Richard, concerns the characterization of a payment made by Frances’ father on their behalf. The trial court found that the payment was a gift to the community rather than a loan. For the following reasons, we affirm.
FACTS
During their marriage, Frances and Randall purchased two five-acre tracts of land in Cameron Parish that were owned by Edna LeBouef. The purchase of one tract was financed by a loan from Cameron State Bank. The second tract was purchased through a vendor’s lien. Ms. LeBouef accepted a promissory note for the amount of $37,500, payable on January 1, 1991. Ms. LeBouef died after the note was executed. When the promissory note became due, Frances asked her father, Rodney Jeffers, for the money. Since Mr. Jeffers was overseas, he instructed his stepson, |2Reese Broussard, III, to write a cheek for $37,000 on an account Mr. Jeffers had authorized him to use and to give the check to Frances and Randall. The cheek was made payable to Michael Garber, the attorney for Ms. Le-Bouef s succession and it bears the notation, “For Christina [Frances] and Randall’s land.”
After Frances and Randall divorced, Frances listed the payment her father made as a loan in her petition to partition the community property. Frances argued Randall knew the money was a loan. Randall argued the money was given to them as a gift with no repayment intended. During trial, Reese Broussard, Frances’ mother, and a close friend of Frances testified Randall knew the payment was a loan. Randall’s mother testified Frances told her the money was donated by Mr. Jeffers. The trial court concluded the payment was a gift because Frances failed to submit evidence to substantiate her argument that the money was loaned. Mr. Jeffers testified he never discussed the transaction with Randall or demanded payment from him. Further, no repayment plan, an interest rate or security were mentioned. There were no documents evidencing that the money was tendered to the couple with intent that it be repaid. Mr. Jeffers testified he did not demand repayment from Frances until more than one year after she filed for divorce. As a plausible motive for Jeffers’ intent to make a gift of the money, the trial judge noted Randall’s parents donated a tract of land to Frances and Randall during their marriage. Frances appeals.
DISCUSSION
Frances argues the trial court erred in concluding the payment made by her father was a donation. She alternatively argues if the payment was a donation, it is null because the form was invalid. She contends the cheek did not constitute a notarial act, which she contends was a necessary formality to effectuate a donation of the disputed funds.
laA donation inter vivos is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it. LSA-C.C. art. 1468. A valid donation inter vivos of immovable property or of incorporeal things must be passed by notarial act. LSA-C.C. arts. 1536 & 1538. A manual gift, which is the giving of corporeal movable effects accompanied by a real delivery, is not subject to any formalities. LSA-C.C. art. 1539.
A check is a negotiable instrument for purposes of Louisiana’s Commercial Laws. LSA-R.S. 10:1-101 & 10:3-104; State Through McNaMara v. New Orleans Auto Title Co., Inc., 519 So.2d 810 (La.App. 1st Cir.1987), writ denied, 523 So.2d 1321 (La. 1988). When Mr. Jeffers made the payment on Frances’ and Randall’s behalf, LSA-R.S. 10:3-201(4) provided:
Donations inter vivos of negotiable instruments shall be governed by the provisions of this Chapter, notwithstanding any other provisions of the Louisiana Civil Code or of any other law of this state relative to the form of donations inter vivos, to the contrary.
Thus, the donation inter vivos of a check is effective without any formality beyond the negotiation. LSA-R.S. 10:3-201(4) & 10:3-202(1); Succession of Jackson, 537 *856 So.2d 736, 740 n. 6 (La.App. 1st Cir.), writ denied, 541 So.2d 857 (La.1989). The validity of the donation, however, is controlled by the substantive codal provisions. Succession of Jones, 505 So.2d 841 (La.App.2d Cir.1987).
The trial court’s conclusion that the payment was a donation is a factual determination based on the witness’ credibility. Succession of Walker, 533 So.2d 70 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1254 (La.1989). It is well-settled that a court of appeal may not set aside a trial court’s finding of fact absent manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). The trial court’s conclusion that the $37,500 payment was intended as a donation is not manifestly erroneous.
|4Frances also argues a written agreement to donate is necessary because the check was not issued in her or Randall’s name. The check was made payable to the attorney handling Ms. LeBouef s succession. A check may be donated manually and through an agent. Succession of Caraway, 25,879 (La.App.2d Cir. 6/22/94), 639 So.2d 415. A manual gift to someone for the account of another may constitute a real delivery. The donor is not required to deliver the gift directly to the donee. Dance v. Dance, 552 So.2d 658 (La.App.2d Cir.1989) (citing Broussard v. Broussard, 340 So.2d 1309 (La. 1976); Primeaux v. Libersat, 322 So.2d 147 (La.1975); Gibson v. Hearn, 164 La. 65, 113 So. 766 (1927); Williams v. Augustus, 506 So.2d 630 (La.App. 4th Cir.), writ denied, 508 So.2d 66 (La.1987); Bennett v. Markley, 138 So.2d 169 (La.App. 1st Cir.1962)). Therefore, Frances’ argument is without merit.
DECREE
For the foregoing reasons, the trial court’s judgment is affirmed. Costs are assessed to Frances Christina Richard.
AFFIRMED.